# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# JEFFERSON CITY – CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TEHUM CARE SERVICES, INC., | ) |
| | ) Case No. 23-90086 (CML) |
| Debtor. | ) |
| | ) *Pending in the United States Bankruptcy* |
| | ) *Court for the Southern District of Texas* |
| | ) |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI and CAPITAL REGION MEDICAL CENTER, | ) |
| | ) |
| Plaintiffs, | ) Adversary Proceeding No. 23-04005-drd |
| | ) |
| v. | ) |
| | ) *Removed from the Circuit Court of* |
| TEHUM CARE SERVICES, INC. d/b/a CORIZON HEALTH, INC., CHS TX, INC., and YESCARE CORP., | ) *Boone County, Missouri, Division 4* |
| | ) *Case No. 22BA-CV01701-01* |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR EXPEDITED BRIEFING

Plaintiffs The Curators of the University of Missouri and Capital Region Medical Center ("Plaintiffs") move for an Order remanding this action to Boone County Circuit Court, and request an expedited briefing schedule and hearing setting in connection therewith. In support, Plaintiffs state as follows:

1. Plaintiffs filed suit on May 11, 2022 against Corizon Health, Inc. and Corizon, LLC.

2. Corizon Health then removed this case to federal court on June 27, 2022. After briefing on Plaintiffs' Motion to Remand, Judge Laughrey remanded the action to state court on September 9, 2022, finding "Corizon's arguments demonstrates that removal was objectively

unreasonable," and ordering Corizon Health to pay reasonable attorneys' fees and costs incurred by Plaintiffs in litigating the Motion to Remand. Case 2:22-cv-04100-NKL, Doc. 22 at 15-18.

3.  Before and after remand, the parties engaged in discovery. *See, e.g.,* Doc. 1-2 at 4.

4.  After remand, Plaintiffs learned that on May 16, 2022, after Plaintiffs filed suit, Corizon Health and two previously-unknown companies, YesCare Corp. ("YesCare") and CHS TX, Inc. ("CHS TX") (together, "non-debtors"), had enacted a scheme intended to frustrate Plaintiffs' collection of over $12 million owed.

5.  On October 7, 2022, Plaintiffs sought leave to amend their Petition to add non-debtors as parties, along with additional causes of action related to Defendants' fraudulent scheme. Doc. 1-2 at 4. On November 2, 2022, the Court granted Plaintiffs' motion. Doc. 1-2 at 5.

6.  Shortly thereafter, Plaintiffs sought additional, expedited discovery as to all three Defendants, on the basis that Plaintiffs needed expedited discovery to prepare a motion for preliminary injunction, which would seek to enjoin further asset disposition by YesCare and CHS TX. Doc. 1-2 at 5. After hearings on the matter, Court granted Plaintiffs' motion and ordered expedited discovery. Doc. 1-2 at 6 (November 14, 2022 order); *Id.* at 7 (November 21, 2022 order).

7.  On December 20, 2022, Plaintiffs filed a Motion for Preliminary Injunction. Doc. 1-2 at 8. The Motion for Preliminary Injunction sought injunctive relief against Defendants YesCare and CHS, including the appointment of a receiver, based on non-debtors' fraudulent conduct targeted at Plaintiffs. By January 30, 2023, Plaintiffs' Motion for Preliminary Injunction was fully briefed. Doc. 1-2 at 10-11. Plaintiffs sought expedited consideration of the Motion for Preliminary Injunction based on concerns that non-debtors YesCare and CHS TX would dissipate assets outside of the court's reach. *See* Doc. 1-2 at 9 (request for hearing filed).

8.      The Court set a hearing for Plaintiffs' Motion for Preliminary Injunction on February 9, 2023. Doc. 1-2 at 9. The Court likewise set a hearing for YesCare and CHS TX's Motion to Dismiss on that same date. *Id.*

9.      At the February 9, 2023 hearing, the Court heard argument on, and denied, YesCare and CHS TX's motion to dismiss. Doc. 1-2 at 11.

10.     Also on February 9, 2023, the Boone County Circuit Court heard extensive argument on Plaintiffs' Motion for Preliminary Injunction. *See id.* At the conclusion of the hearing, the court ordered Plaintiffs to submit a proposed order by close-of-business on February 10, 2023. *Id.* ("Parties granted leave of up to and including 2-10-23 at 5:00 p.m. to file any proposed orders regarding the preliminary injunction motion").

11.     Immediately following the hearing, that same day, Corizon Health re-engaged settlement discussions with Plaintiffs. Citing those settlement discussions, Corizon Health, YesCare Corp., and CHS TX requested that Plaintiffs seek an extension until February 13, 2023 at close-of-business to file the proposed order in support of its Motion for Preliminary Injunction. Counsel for Defendants warned Plaintiffs that submitting the proposed order before then would "blow up" settlement discussions. In exchange, Corizon Health promised to provide revisions to a settlement "term sheet" by 1:00pm on February 13, 2023.

12.     Accordingly, Plaintiffs sought, and received, an extension to submit the proposed order to the court until February 13, 2023. **Ex. 1**, Feb. 10, 2023 Correspondence with Court.

13.     But instead of providing revisions to the proposed term sheet by 1:00pm on February 13, 2023, Corizon Health filed for Chapter 11 bankruptcy protection in the Southern District of Texas Bankruptcy Court and rescinded its settlement offer. *See* Doc. 1 at ¶ 2.

14. That same day, by the 5:00pm deadline, Plaintiffs submitted their proposed order to the Court. The proposed order sought appointment of a receiver over non-debtors YesCare and CHS TX. **Ex. 2**, Feb. 14, 2023 Correspondence with Court; **Ex. 3**, Proposed Order; Ex. 4, Complete Docket in Case No. 22BA-CV01701-01.

15. Shortly thereafter, on February 14, 2023, Corizon Health removed this action based on 28. U.S.C. § 1452(a), stating the action is "related to" its bankruptcy proceeding. Doc. 1. But for the bankruptcy proceeding, no other basis exists to seek removal of this action to federal court.

16. Plaintiffs submit that Corizon Health has failed to carry its burden establishing removal was proper over all of Plaintiffs' claims against all Defendants.

17. Further, Plaintiffs submit that both mandatory and permissive abstention principles, along with equitable remand principles, counsel in favor of remanding the action to state court.

18. Finally, Plaintiffs respectfully submit that time is of the essence to consider whether remand is appropriate in this matter, issues fully laid out in Plaintiffs' Suggestions in Support of their Motion to Remand, incorporated by reference herein.

19. Corizon Health removed this action less than 24 hours after Plaintiffs submitted their proposed order on Plaintiffs' Motion for Preliminary Injunction, and before the Court had the chance to issue a ruling. However, the same concerns extensively litigated in Plaintiffs' Motion for Preliminary Injunction remain at play. YesCare and CHS TX, having escaped the state court's jurisdiction, remain free to dissipate assets to the detriment of Plaintiffs.

20. Further, Corizon Health continues to take action aimed at rendering Plaintiffs unable to recover from non-debtors. For example, in the Southern District of Texas bankruptcy proceeding, Corizon Health filed an Emergency Motion to Extend and Enforce the Automatic Stay ("Motion to Extend") on February 17, 2023. Case No. 23-90086, Doc. 7. In the Motion to Extend,

4

Corizon Health seeks to extend the automatic stay to any claims against YesCare and CHS TX. Indeed, Corizon Health's Motion to Extend specifically cites this action as a basis to extend the automatic stay. *Id.* at ¶ 4. A hearing on Corizon Health's Motion to Extend is set for this Friday, March 3, 2023.

21.     Local Rule 9013-1(c) states that respondent "shall file a response…within 21 days of service of the motion" "[u]nless otherwise provided…by order of this Court."

22.     For the foregoing reasons, Plaintiffs request this Court issue an order directing any and all Oppositions to Plaintiffs' Motion to be filed by March 13, 2023; directing a reply, if any, in support of Plaintiffs' Motion to be filed by March 17, 2023; and setting a hearing for this matter on March 20, 2023, or on any date thereafter convenient to the Court.

WHEREFORE, for the reasons stated herein and in Plaintiffs' Suggestions in Support of their Motion to Remand, Plaintiffs respectfully request this Court grant Plaintiffs' Motion to Remand and Request for Expedited Briefing, and afford any and all relief as the Court deems just and proper.

March 1, 2023                                             Respectfully submitted,

*/s/ Patrick J. Stueve*
Patrick J. Stueve, Bar # 37682
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
stueve@stuevesiegel.com

**COUNSEL FOR PLAINTIFFS**

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2023 a true and correct copy of the foregoing document was filed electronically with the Court's CM/ECF system, which electronically sent notice of the foregoing document to all counsel of record.

                                        */s/ Patrick J. Stueve*
                                        Attorney for Plaintiffs