# EXHIBIT 2



RE: Curators v. Corizon Health et al. 22BA-CV01701-01 - Proposed OrderJason S.
Brookner to Josh.Devine@courts.mo.gov, Julia.Paulus@courts.mo.gov,
stueve@stuevesiegel.com  02/13/2023 11:47 PM
Cc "Sodee, Rachel", "Morgan, Russ", "Warburton, Tom", "sam.hershey@whitecase.com",
"pcantwell@dowdbennett.com", "rparkinson@dowdbennett.com",
"lange@stuevesiegel.com", "kane@stuevesiegel.com"

Your Honor, good evening. My name is Jason Brookner and our firm is bankruptcy counsel to Defendant Corizon.

As the "new kids on the block," we cannot respond to any of the characterizations in Mr. Stueve's email below. Instead, we would appeal to Your Honor to not enter the order as tendered by Plaintiff for a variety of reasons.

First and foremost, putting aside that Corizon remains a party to this action and has not yet been dismissed, there are a variety of findings and conclusions in the form of order that relate directly to, and directly impact Corizon. Given the scope and effect of the automatic stay, we respectfully submit that the proposed findings conflict therewith by effectively allowing the action against Corizon to continue. Once the automatic stay has come into effect, there cannot be any further non-bankruptcy litigation activity with respect to a debtor (here, Corizon).

Second, as Your Honor likely knows, now that Corizon is a chapter 11 debtor, any claims that may exist for the benefit of Corizon to pierce the corporate veil, for fraudulent conveyance or for alter ego (among others) are property of the estate and belong solely to Corizon to pursue (if at all) for the benefit of its creditors in its chapter 11 case. Those causes of action constitute "property of the estate" under 11 USC s 541(a), and as Your Honor knows, the bankruptcy court has exclusive jurisdiction over property of Corizon's estate, wherever located and by whomever held. By signing the form of proposed order, however, the automatic stay of 11 USC s 362(a)(3) would be violated, and the jurisdiction of the bankruptcy court would be trampled upon, as it would effectively vest Corizon's potential claims (which are property of the estate) in the Receiver. The bankruptcy court is the only tribunal with the power and authority to allow a third party to pursue estate causes of action (and then, only for the benefit of the estate rather than for the individual benefit of the party itself, and only upon a motion duly noticed and hearing).

Finally, there is also, to an extent, an "identity of interest" among the Defendants due to the indemnities running back and forth in the divisional merger documents.

As a result, we respectfully request that Your Honor decline to enter any order in this matter unless and until there is an order from Bankruptcy Judge Lopez lifting the automatic stay with respect to this proceeding.

We are of course willing and able to discuss this matter via phone or video, should the Court desire a conference.

Respectfully submitted,

**Jason S. Brookner**
**Partner**
Tel 469.320.6132 | Fax 469.320.6894 | jbrookner@grayreed.com
Dallas Office: 1601 Elm St., Suite 4600 | Dallas, TX 75201
Houston Office: 1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056

grayreed.com | Connect with me on LinkedIn



Jason S. Brookner
Partner
Tel 469.320.6132 | Fax 469.320.6894 | jbrookner@grayreed.com
Dallas Office: 1601 Elm St., Suite 4600 | Dallas, TX 75201
Houston Office: 1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn



CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

**From:** Patrick Stueve <stueve@stuevesiegel.com>
**Sent:** Monday, February 13, 2023 4:21 PM
**To:** Josh.Devine@courts.mo.gov; Julia.Paulus@courts.mo.gov
**Cc:** sam.hershey@whitecase.com; pcantwell@dowdbennett.com; rparkinson@dowdbennett.com; Warburton, Tom <twarburton@bradley.com>; Ethan Lange <lange@stuevesiegel.com>; Jordan Kane <kane@stuevesiegel.com>
**Subject:** Curators v. Corizon Health et al. 22BA-CV01701-01 - Proposed Order

CAUTION - EXTERNAL EMAIL

Judge Devine,

On Friday when Plaintiffs requested an extension to submit their proposed order granting preliminary injunctive relief, counsel for Plaintiffs were led to believe that Defendants were negotiating in good faith as the parties had tentatively reached an agreement in principle to settle the case on Friday. Defendants informed Plaintiffs that submitting the proposed order to the Court would undermine settlement discussions and asked that we request to extend the deadline to submit the proposed order from Friday at 5 p.m. to today at 5 p.m. while the parties worked over the weekend to finalize a term sheet. Accordingly, we requested the extension. But instead of providing revisions to the draft term sheet, counsel for Defendant Tehum Care Services, Inc. d/b/a Corizon Health, Inc. informed me and then the Court that Tehum filed for bankruptcy today.

As the Court is well-aware, the automatic bankruptcy stay under 11 U.S.C. § 362(a) only applies to Tehum (the party that filed for bankruptcy) and does not extend to Defendant CHS TX, Inc. or Defendant YesCare Corp. Attached is the proposed order granting Plaintiffs' Motion for Preliminary Injunction, which only pertains to Defendants CHS TX, Inc. and YesCare Corp., not Defendant Tehum. Plaintiffs respectfully request that the Court enter this proposed order as soon as practicable.

Respectfully,

Patrick J. Stueve
Stueve Siegel Hanson LLP
460 Nichols Rd., Suite 200
Kansas City, MO 64112
816-714-7110 (direct)

---

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.