# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# JEFFERSON CITY – CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TEHUM CARE SERVICES, INC., ) | |
| ) | Case No. 23-90086 (CML) |
| Debtor. ) | |
| ) | *Pending in the United States Bankruptcy* |
| ) | *Court for the Southern District of Texas* |
| ) | |
| THE CURATORS OF THE UNIVERSITY OF ) | |
| MISSOURI and CAPITAL REGION ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Plaintiffs, ) | Adversary Proceeding No. 23-04005-drd |
| ) | |
| v. ) | |
| ) | *Removed from the Circuit Court of* |
| TEHUM CARE SERVICES, INC. d/b/a ) | *Boone County, Missouri, Division 4* |
| CORIZON HEALTH, INC., CHS TX, INC., ) | *Case No. 22BA-CV01701-01* |
| and YESCARE CORP., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO TEHUM CARE SERVICES, INC.'S MOTION TO
TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS**

# **TABLE OF CONTENTS**

I.   LEGAL STANDARD. ................................................................................................... 2

II.  THIS COURT LACKS "RELATED TO" JURISDICTION. ............................................ 3

III. THE INTEREST OF JUSTICE AND CONVENIENCE OF THE PARTIES RENDERS
     TRANSFER INAPPROPRIATE. ..................................................................................... 3

A.   The Interest of Justice Counsels Against Transfer. ............................................................ 3

B.   The Convenience of the Parties Does Not Favor Transfer. ................................................ 9

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Am. Standard, Inc. v. Bendix Corp.*,
  487 F. Supp. 254 (W.D. Mo. 1980) .................................................................................. 10, 13
*Fibra-Steel, Inc. v. Astoria Indus., Inc.*,
  708 F. Supp. 255 (E.D. Mo. 1989)............................................................................................ 8
*Hawaiian Investors v. Thorndal*,
  339 F.2d 807 (8th Cir. 1965) .................................................................................................... 9
*In re Nine Mile Ltd.*,
  692 F.2d 56 (8th Cir. 1982) .................................................................................................. 3, 9
*In re Think3, Inc.*,
  529 B.R. 147 (Bankr. W.D. Tex. 2015)........................................................................... passim
*In re Turner*,
  15 B.R. 265 (Bankr. W.D. Mo. 1981)....................................................................................... 9
*Lehman Bros. Holdings Inc. v. LendingTree, LLC*,
  No. 20-CV-1351 (SRN/HB), 2021 WL 1087695 (D. Minn. Mar. 22, 2021) ......................... 3, 6
*Lonquist Field Servs., LLC v. Dominion Proppants, LLC*,
  No. 1:19-CV-00213-JAR, 2020 WL 5230887 (E.D. Mo. Sept. 2, 2020) .................................. 4
*Matter of Interco Inc.*,
  139 B.R. 718 (Bankr. E.D. Mo. 1992) ...................................................................................... 2
*Matter of Suburbia Sys., Inc.*,
  17 B.R. 132 (Bankr. W.D. Mo. 1981)..................................................................................... 13
*Medicine Shoppe Int'l, Inc. v. Tambellini*,
  191 F. Supp. 2d 1065 (E.D. Mo. 2002).................................................................................... 8
*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)................................................................................................................ 9

Statutes

28 U.S.C. § 1334(b) ........................................................................................................................ 2
28 U.S.C. § 1412......................................................................................................................... 3, 9

Rules

Fed. R. Bankr. P. 7087 ................................................................................................................... 3

**INTRODUCTION**

Corizon Health seeks to transfer the entire suit, including Plaintiffs' claims against non-debtors YesCare Corp. and CHS TX, Inc., to Texas—a forum in which none of the parties are located, none of the assets have been identified, and none of the witnesses (other than Corizon Health's Chief Restructuring Officer, retained hours before Corizon Health's rushed bankruptcy) are located. But Corizon Health's motion is plainly a last-ditch attempt at forum shopping. Citing to principles of efficiency and convenience, Corizon Health labels Missouri as an "unfamiliar forum" for the parties and coins Texas as the more logical location for Plaintiffs' claims. But these arguments make no sense. Plaintiffs assert Missouri-law claims against Corizon Health, YesCare, and CHS TX; three entities that are located in Tennessee, not Texas. And underlying those claims is the parties' obligations and fraud related to a Missouri-based contract, executed in Missouri by Missouri entities, controlled by Missouri law, for the provision of health care services rendered to Missouri Department of Corrections' inmates.[1]

Faced with the staunchly Missouri-focused facts of this case, Corizon Health argues that the entire action should nonetheless be transferred to Texas, where Corizon Health's bankruptcy is proceeding, because it is just one of many "related-to" cases across the county that should be consolidated in front of the bankruptcy judge for efficiency's sake. *See* Doc. 10 at ¶ 21 ("Rather than having various proceedings relating to the Debtor flung far and wide across numerous jurisdictions, consolidating all bankruptcy-related issues and cases before Judge Lopez will bring both context and consistency to the overall Chapter 11 Case and undoubtedly increase the efficiency of estate administration."). But Corizon Health's argument here is belied by its own actions—or inactions—in those cases. To be sure, Corizon Health has not moved to transfer any

---

[1] **Ex. 1**, Hospital Services Agreement.

1

other action to the Southern District of Texas—including actions presently in the Western District of Missouri. *See Cameron Region Medical Center, Inc. v. Corizon Health Inc. et al.*, Case No. 5:22-cv-06122-BCW and *Hasty v. Corizon LLC et al.*, No. 2:22-cv-04054-SRB. That Corizon Health has moved to transfer this case alone to the Southern District of Texas, while the remaining litigations against it are permitted to proceed in their respective forums outside of bankruptcy, militates against Corizon Health's transfer argument and makes plain Corizon Health's attempt at forum shopping.

Those argument notwithstanding, litigation is currently stayed as to all parties and Corizon Health has provided no argument for why transferring a stayed action makes sense at this juncture. And when this litigation is resumed, it makes little sense for this Missouri-centered case, almost a year in the making, to be displaced to Texas, where the only nexus to the suit is Corizon Health's reincorporation there after its contract with Plaintiffs had ended. Litigating this suit in Texas would be manifestly more inconvenient and inefficient for the parties, including YesCare, CHS TX, neither of which reside in Texas nor purport to have any witnesses relevant to the dispute that reside in Texas. In short, that Corizon Health would *like* to litigate this case in Texas does not mean it is more convenient or just for the action to be litigated there. For these reasons and those referenced below, Plaintiffs respectfully request this Court deny Corizon Health's bid to deprive Plaintiffs of their original choice of forum.

## ARGUMENT

**I.  LEGAL STANDARD.**

The moving party has the burden to establish, by a preponderance of the evidence, that transfer is warranted and appropriate. *Matter of Interco Inc.*, 139 B.R. 718, 721 (Bankr. E.D. Mo. 1992). First, the Court must determine whether there is "relating to" jurisdiction under 28 U.S.C. § 1334(b). Second, if there is such jurisdiction, the Court must ask whether transfer is appropriate

"in the interest of justice or for the convenience of the parties" under 28 U.S.C. § 1412. Section 1412 provides that "[A] district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. This provision is implemented by Bankruptcy Rule 7087, which provides: "[o]n motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2). Fed. R. Bankr. P. 7087.

Transfer motions "should not be freely granted" and it must be shown that the relevant factors weigh strongly in favor of transfer. *Lehman Bros. Holdings Inc. v. LendingTree, LLC*, No. 20-CV-1351 (SRN/HB), 2021 WL 1087695, at *10 (D. Minn. Mar. 22, 2021) (quoting *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982) (per curiam), *abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306 (8th Cir. 1990)).

Corizon Health has failed to meet its burden of showing a transfer of this entire action is appropriate—first, because this Court lacks related-to jurisdiction over Plaintiffs' claims, and second, because the interests of justice and convenience renders transfer inappropriate.

## II. THIS COURT LACKS "RELATED TO" JURISDICTION.

For the reasons stated in Plaintiffs' Motion to Remand (Doc. 23), incorporated by reference herein, this Court lacks related to jurisdiction over Plaintiffs' claims as Corizon Health has failed to establish that they would have a "conceivable effect" on Corizon Health's bankruptcy case. *See* Doc. 23 at 6-8.

## III. THE INTEREST OF JUSTICE AND CONVENIENCE OF THE PARTIES RENDERS TRANSFER INAPPROPRIATE.

### A. The Interest of Justice Counsels Against Transfer.

Factors relevant to this determination include:

1. Efficiency and economics of estate administration;

3

    2.        Presumption in favor of "home court";

    3.        Judicial economy and efficiency;

    4.        Fairness and the ability to receive a fair trial

    5.        The state's interest in having local controversies decided within its borders; and

    6.        Plaintiff's original choice of forum.

*See Lonquist Field Servs., LLC v. Dominion Proppants, LLC*, No. 1:19-CV-00213-JAR, 2020 WL 5230887, at *2 (E.D. Mo. Sept. 2, 2020).

Corizon Health's argument with respect to the first factor—the efficiency and economics of estate administration—is without merit. Corizon Health argues this factor weigh in favor of transfer because Corizon Health is "organized under the laws of Texas" and "operates in many states beyond Missouri." Doc. 10 at ¶ 20. Corizon Health argues it would "be the antithesis of efficiency and economy" to require it "to pursue (or not) its own claims in a faraway and unfamiliar venue[.]" Doc. 10 at ¶ 20. Corizon Health further argues that "forcing the Debtor to litigate in Missouri will require the Debtor to expend additional resources to retain and compensate Missouri counsel, as well as incur travel expenses for out-of-state professionals and witnesses." Doc. 10 at ¶ 20. But these arguments are disingenuous.

First, this is not an "unfamiliar venue;" Corizon Health (formerly Corizon, LLC, a purported "Missouri limited liability company")[2] was the healthcare provider for the Missouri Department of Corrections since the 1990s (*see* Am. Pet. ¶ 48), and it is for that contract that Corizon Health contracted with Plaintiffs to provide their services. Corizon Health's recent change from a Delaware corporation to a Texas corporation was simply a part of its scheme to defraud Plaintiffs through an abuse of Texas's laws, and other than its status as Corizon Health's place of

---

[2] Corizon Health's Amended Answer to Plaintiffs' Amended Petition, ¶ 3.

4

incorporation, Corizon Health has no other purported connection to Texas. To be sure, the issue of whether Missouri is a proper forum for Plaintiffs' claims has already been litigated at length. *See, e.g.,* Doc. 1-3 at 236-240; *id.* at 582-586. In fact, the Boone County Court denied YesCare and CHS TX's bid to dismiss this suit for lack of personal jurisdiction, finding unpersuasive their argument that they lacked sufficient contacts with Missouri. *See* Doc. 1-2 at 11. Defendants should not be permitted to wipe out that previous state-court decision through additional procedural jockeying.

Second, these arguments ignore the fact that (1) Corizon Health already has Missouri counsel that has defended it in this suit since May 2022, and (2) Corizon Health has not sought transfer of any of the other 30+ cases against it across the country, including multiple cases in the United States District Courts for the Western and Eastern Districts of Missouri. *See* Doc. 24-1 (listing the cases for which the bankruptcy court temporarily extended the automatic stay). But even if that wasn't the case, Corizon Health provides no evidence that moving this case from Missouri to Texas would change the need to "incur travel expenses for out-of-state professionals and witnesses," (Doc. 10 at ¶ 20), because Corizon Health has provided no evidence that the relevant professionals or witnesses are located in Texas. Indeed, each of Defendants' principal places of business is in Tennessee[3]—meaning transferring this case from Missouri to Texas would

---

[3] CHS TX, Inc. and YesCare Corp.'s Answer to Plaintiffs' Amended Petition, Doc. 16 at ¶ 4 ("Defendants admit that YesCare Corp. is a Texas for-profit corporation formed in January 2022 that has its principal place of business at 205 Powell Place, Suite 104, Brentwood, Tennessee."); *id.* at ¶ 5 ("Defendants admit that CHS TX, Inc. is a Texas for-profit corporation formed on May 3, 2022 that has its principal place of business at 205 Powell Place, Suite 104, Brentwood, Tennessee."); *id.* at ¶ 87 ("Defendants admit that the corporate headquarters for YesCare and CHS TX is 205 Powell Place, Suite 104, Brentwood, TN 37027"). *Compare* Corizon Health's Amended Answer to Plaintiffs' Amended Petition, ¶ 87 ("Corizon admits that 205 Powell Place, Suite 104, Brentwood TN 37027 was previously its corporate headquarters. Corizon is no longer an active entity and denies that it currently has a corporate headquarters") (filed December 16, 2022) *with* **Ex. 2,** Corizon Health, Inc.'s Corporate Disclosure Statement filed on December 30, 2022 in

5

force Corizon Health, YesCare, and CHS TX to incur even greater expense for witnesses traveling from Tennessee.

Finally, these arguments also ignore the fact that litigation is not only stayed as to Corizon Health pending the bankruptcy suit, but is currently stayed over non-debtors as well, until the Southern District of Texas holds an evidentiary hearing on May 17, 2023 on Debtor's motion to extend the automatic stay pending before it. *See* Doc. 24. In other words, this case currently cannot be litigated anywhere, much less this Court or the Southern District of Texas. Against that backdrop, Corizon Health has failed to advance any reason why it would be more efficient to transfer this case to Texas than to leave it in Missouri, where it has been proceeding for almost a year. Indeed, none of these arguments address why moving Plaintiffs' state-law litigation against YesCare and CHS TX, who have been litigating this case in Missouri since November 2022, to a bankruptcy court in Texas (where none of them reside) would advance the efficiency or economics of Corizon Health's estate.

The second factor—the presumption in favor of the home court—is at the very least offset by Plaintiffs' choice of forum, because the events at issue occurred in Missouri and were targeted at Missouri-based Plaintiffs. *See, e.g.*, *Lehman Bros. Holdings Inc. v. LendingTree, LLC*, No. 20-CV-1351 (SRN/HB), 2021 WL 1087695, at *10 (D. Minn. Mar. 22, 2021) (explaining that "the presumption favoring the administration of the bankruptcy estate may sometimes be offset by the deference accorded to the plaintiff's original choice of forum").

The third factor—judicial economy—also weighs in favor of denying transfer. This factor focuses on, among other things, the home court's "familiarity with the substantive issues and

---

*Capitol Eye Care, Inc., et al. v. Tehum Care Services, Inc., et al.*, Case No. 2:22-cv-4191 in the United States District Court for the Western District of Missouri ("Corizon is a corporation incorporated in the state of Texas and has a principal place of business in Tennessee.").

6

familiarity with the law to be applied… (i.e., the 'learning curve')." *See In re Think3, Inc.*, 529 B.R. 147, 209 (Bankr. W.D. Tex. 2015). Here, it is the Boone County Court, not the Southern District of Texas Bankruptcy Court, that retains extensive familiarity with the law and issues related to Plaintiffs' case against Corizon Health, as well as non-debtors YesCare and CHS TX. Corizon Health suggests that judicial economy favors transfer by arguing that "all bankruptcy-related issues and cases" should be consolidated before Judge Lopez instead of being "flung far and wide across numerous jurisdictions." (Doc. 10 at ¶ 21). But this is not a credible argument—Corizon Health provides no evidence that it has sought to transfer any other action against it, or against YesCare/CHS TX, to Texas. Indeed, Plaintiffs' search of Corizon Health's active cases reveals that Corizon Health has only moved to transfer one case—this one—to Texas. In short, Corizon Health appears to be using its motion to transfer to forum shop.

The fourth factor—the ability to receive a fair trial—requires evidence that the court has a predisposition to rule in favor of one party or another, or other impartiality concerns. *See In re Think3, Inc.*, 529 B.R. at 209. Here, Corizon Health has not raised any issue of receiving a fair trial in this Court or in Missouri state court, so this factor does not weigh in transfer's favor.

The fifth factor—a state's interest in having local controversies decided within its border—provides a preference that local courts preside over disputes that involve their laws or disputes that occurred in their jurisdiction. *See In re Think3, Inc.*, 529 B.R. at 210. Here, this factor weighs heavily against transfer of venue to Texas. The State of Missouri has a paramount interest in adjudicating this dispute, involving Missouri claims against Defendants for defrauding the University of Missouri and its affiliate in Missouri. Corizon Health claims Texas's interest is paramount "because it is Texas law that ultimately will govern," (Doc. 10 at ¶ 24), but this argument makes no sense. Plaintiffs' claims are brought under Missouri statutory and common

7

law. Once again in this litigation, Corizon Health seeks to confuse the issue by claiming Plaintiffs' suit seeks to "undermine[] or invalidate[] a Texas statute." Doc. 10 at ¶ 24. That's not true. As has been repeatedly litigated in the state court, and as the TBOC acknowledges, Corizon Health cannot stand behind technical compliance with the Texas divisional merger statute to avoid Plaintiffs' common law and statutory fraud claims in Missouri. *See, e.g.*, Doc. 1-3 at 587. And Corizon Health's various citations in paragraph 24, intended to imply that a divisional merger under the TBOC cannot constitute a fraudulent "transfer" under the Uniform Fraudulent Transfer Act (Doc. 10 at ¶ 24) is a facially meritless argument that has been briefed by the parties at length in the state court action.[4] Indeed, Defendants repeatedly raised these arguments in support of their Motion to Dismiss the action in state court, and the court rejected those arguments. *See* Doc. 1-2 at 11. But even if Texas law was implicated, Corizon Health has put on no showing that such a fact would weigh in favor of transfer of this action to Texas bankruptcy courts.

The sixth factor—the plaintiffs original choice of forum—is entitled to weight and deference. *See In re Think3, Inc.*, 529 B.R. at 210. In a venue transfer motion, a movant must prove the "necessity of the transfer." *Id.* Here, Plaintiffs filed this action in Missouri state court. Courts in this circuit have repeatedly recognized that a plaintiff's choice of forum is entitled to great weight. *See Fibra-Steel, Inc. v. Astoria Indus., Inc.*, 708 F. Supp. 255, 257 (E.D. Mo. 1989) ("The plaintiff's choice of forum is entitled to great weight and will only be disturbed when the balance strongly favors defendant."); *Medicine Shoppe Int'l, Inc. v. Tambellini*, 191 F. Supp. 2d 1065, 1069 (E.D. Mo. 2002) ("a plaintiff's choice of forum should only be disturbed when the balance of factors strongly favors transfer"). As the Eighth Circuit has explained: "Change of venue, although within the discretion of the district court, should not be freely granted. Courts are in the

---

[4] *See, e.g.*, Doc. 1-3 at 498, fn. 8; 588.

8

business of deciding cases, not playing procedural hockey among available districts at the whim of dissatisfied parties." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982). Here, Corizon Health's attempt to move this entire case outside of Missouri is nothing more than a hail mary attempt to give Defendants a second shot at making arguments that failed in Missouri state court, to Plaintiffs' detriment. This factor weighs against transfer of venue.

### B.  The Convenience of the Parties Does Not Favor Transfer.

The second path under 28 U.S.C. § 1412 is that the venue transfer is necessary for the "convenience of the parties." Under this path, courts have examined factors that are relevant to this adversary proceeding, such as:

1. proximity of creditors of every kind to the court;
2. proximity of the debtor to the court;
3. location of the assets;
4. the economic administration of the state.

*In re Turner*, 15 B.R. 265, 267 (Bankr. W.D. Mo. 1981) (citing *Hawaiian Investors v. Thorndal*, 339 F.2d 807 (8th Cir. 1965)). Courts also look to factors such as:

5. Location and proximity of the parties;
6. Ease of access to necessary proof;
7. Convenience of witnesses, including their location and proximity;
8. Availability of subpoena power for the unwilling witnesses; and
9. Expenses related to obtaining witnesses.

*In re Think3, Inc.*, 529 B.R. at 210-11. A transfer premised on "convenience" should not be granted where the proposed forum is equally convenient or inconvenient, or, as here, the effect is to shift inconvenience to the party opposing transfer. *See Van Dusen v. Barrack*, 376 U.S. 612, 646-47 (1964).

9

At the outset, Corizon Health concedes that the first factor is "neutral, at best," to the transfer analysis because Corizon Health has creditors in at least 25 states. Doc. 10 at ¶ 34. Indeed, several of those creditors are in Missouri, and by Corizon Health's own admission, no cases are pending against Corizon Health in Texas. *See* Doc. 10 at ¶ 34.

Corizon Health argues that the proximity of the debtor to the court, the location of the assets, and the economic administration of the estate weigh in favor of transfer because "[t]he Debtor's counsel is in Texas, as are the Debtor's financial advisors and Chief Restructuring Officer," (Doc. 10 at ¶ 29), and "there are few to no assets to pay additional professionals in Missouri or the [associated] travel costs." *Id.* But the location of Corizon Health's counsel and financial advisors, apparently retained only weeks ago and mere hours before its bankruptcy filing, is not the relevant analysis. *See Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 262 (W.D. Mo. 1980) ("the majority of cases have held that the location and convenience of counsel should be given little weight, at most").

Further, Corizon Health has provided no probative evidence regarding the location of assets, books or records of any of the entities it seeks to transfer to Texas. *See In re Think3, Inc.*, 529 B.R. at 211.[5] Thus, this factor does not support a transfer of venue to Texas. And Corizon Health's conclusion that litigating in Missouri will require additional attorneys and costs fails to square with the fact that litigation is stayed as to Corizon Health during the bankruptcy proceeding, notwithstanding that Corizon Health already has retained counsel who has been litigating the Missouri action. Regardless, Corizon Health fails to offer any argument or evidence for how this factor weighs in favor of transferring Plaintiffs' state-law claims against non-debtors YesCare and

---

[5] They are, also, presumably located in Tennessee, where each entity maintains its principal place of business.

10

CHS TX to Texas, much less establish how litigation between Plaintiffs and YesCare/CHS TX "will unnecessarily increase the costs incurred by the Debtor." *Id.* at ¶ 30.

The fifth factor—the location and proximity of the parties—refers to the physical location of the parties, "rather than their state of incorporation." *In re Think3, Inc.*, 529 B.R. at 211. This factor plainly weighs against transfer to Texas. Plaintiffs are the University of Missouri (an arm of the state of Missouri) and Capital Region Medical Center, a University affiliate and resident of Missouri. Although Corizon Health, YesCare, and CHS TX have their place of incorporation in Texas, they are not physically located there. Instead, stated above, all three purport to have their principal place of business in Tennessee. Indeed, none of the parties (and particularly the non-debtor parties) are physically located or reside in Texas. Simply put, it is no more convenient for Corizon Health, YesCare, or CHS TX to travel to Missouri than it is for them to travel to Texas. *See, e.g.*, *In re Think3, Inc.*, 529 B.R. at 211. Indeed, before merging with other Corizon entities to form Corizon Health, Inc. in May 2022, Corizon, LLC (the party that solicited Plaintiffs' services for the Missouri Department of Corrections) held itself out as a "Missouri limited liability company."[6] Assuming the majority of the corporate witnesses for Defendants reside in the same state as their corporate offices in Tennessee, a journey to Missouri would be shorter than one to Texas. Thus, this factor does not weigh in favor of transfer to Texas. In any case, this action is automatically stayed as to Corizon Health (and for the time being, is also stayed as to YesCare and CHS TX)—thus, Corizon Health has failed to establish that this factor weighs in its favor *even if* it had established any of the parties resides in Texas, which it has not.

The sixth factor—the ease of access to necessary proof—requires evidence from the moving party that the "material or necessary proof" will be in the sought-after venue. *In re Think3,*

---

[6] Corizon Health's Amended Answer to Plaintiffs' Amended Petition, ¶ 3.

11

*Inc.*, 529 B.R. at 211. Here, Corizon Health made no showing that the material or necessary proof is easier to access if this adversary proceeding is transferred to Texas. Indeed, proof marshalled by Plaintiffs will be located in Missouri, because Missouri is the site of the parties' contract, the parties' performance under that contract, and Plaintiffs' negotiations for payment. Corizon Health makes no argument that its evidence would be located in Texas. Indeed, evidence marshalled by Corizon Health, CHS TX, and YesCare, to the extent it does not originate in Missouri, would likely come from Tennessee, where those entities' corporate offices are located.

The seventh factor—the convenience of the witnesses—allows the court to take into consideration the travel requirements and burden imposed on witnesses that would have to travel to a further location. *In re Think3, Inc.*, 529 B.R. at 211. But this case is stayed against Corizon Health, so no witnesses need to travel for it. Even if the case wasn't stayed, Corizon Health has not identified any witnesses for whom it is more convenient to sojourn to Texas rather than Missouri. *See id.* Nor has YesCare or CHS TX identified any relevant witnesses located in Texas. Indeed, the Plaintiffs' witnesses identified in Corizon Health's initial disclosures are located in Missouri (Gaspare Calvaruso, President of Capital Region Medical Center; T. Vince Cooper, Director of Payer Strategy and Health System Contracting for the Curators of the University of Missouri) and Corizon Health's identified witnesses (Carla Copeland, Andrew Fornes, Jeffrey Sholey) were or are all ostensibly located in Tennessee or Missouri.[7] Thus, this factor does not support a transfer of venue to Texas.

The eighth factor—the availability of subpoena power for unwilling witnesses—allows a court to consider its power to compel certain witnesses to testify. *In re Think3, Inc.*, 529 B.R. at 212. Corizon Health does not allege that a Texas venue provides any benefit over the existing

---

[7] **Ex. 3,** Corizon Health's Initial Disclosures.

12

Missouri venue in compelling witness testimony. Thus, this factor does not support a transfer of venue to Texas.

The ninth factor—the expenses related to obtaining witnesses—allows a court to consider the costs of having witnesses travel to testify for trial. *In re Think3, Inc.*, 529 B.R. at 212. Here, no evidence was provided as to potential witnesses. *See, e.g., Am. Standard, Inc.*, 487 F. Supp. at 263 ("The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover"). And as stated above, the majority seemingly reside in either Missouri or Tennessee. Thus, this factor does not weigh in favor of transfer of venue to Texas.

In short, the relevant factors do not establish transfer of the entire action—including Plaintiffs' state law claims against YesCare and CHS TX—is warranted here, particularly in light of the hardship presented to Plaintiffs if this action is transferred. Indeed, "it is not only the movant's claims of hardship which must be considered, but also those of the plaintiff." *Matter of Suburbia Sys., Inc.*, 17 B.R. 132, 133 (Bankr. W.D. Mo. 1981). Transferring this Missouri-based case, for which the parties have already engaged in substantial discovery and motion practice, including a half-day evidentiary hearing on Plaintiffs' motion for preliminary injunction on which the state court was about to rule, would legitimize Corizon Health's bid at forum shopping, require Plaintiffs to essentially start over in another, unfamiliar forum, and require Plaintiffs, whose witnesses are in Missouri, to expend significant litigation and travel expenses litigating in that forum.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Corizon Health's Motion to Transfer Venue and afford any and all relief as the Court deems proper.

March 13, 2023            Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ Patrick J. Stueve*
Patrick J. Stueve, Bar # 37682
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
stueve@stuevesiegel.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that on March 13, 2023 a true and correct copy of the foregoing document was filed electronically with the Court's CM/ECF system, which electronically sent notice of the foregoing document to all counsel of record.

*/s/ Patrick J. Stueve*
Attorney for Plaintiffs

14