**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TEHUM CARE SERVICES, INC., | ) | Case No. 23-90086 (CML) |
| | ) | |
| Debtor. | ) | *Pending in the United States Bankruptcy* |
| | ) | *Court for the Southern District of Texas* |
| | ) | |
| THE CURATORS OF THE UNIVERSITY | ) | |
| OF MISSOURI and CAPITAL REGION | ) | |
| MEDICAL CENTER, | ) | Adversary Proceeding No. 23-04005-drd |
| | ) | |
| Plaintiffs, | ) | *Removed from the Circuit Court of* |
| | ) | *Boone County, Missouri, Division 4* |
| v. | ) | *Case No. 22BA-CV01701-01* |
| | ) | |
| TEHUM CARE SERVICES, INC. d/b/a | ) | |
| CORIZON HEALTH, INC., CHS TX, INC. | ) | |
| and YESCARE CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUGGESTIONS OF TEHUM CARE SERVICES, INC.**
**D/B/A CORIZON HEALTH, INC. IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO REMAND AND REQUEST FOR EXPEDITED BRIEFING**

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................... 1

II.   JURISDICTION ............................................................................. 3

III.  BACKGROUND ............................................................................. 3

IV.   DISCUSSION ................................................................................. 7

      A.    Subject Matter Jurisdiction Cannot Reasonably Be Questions............................. 7

      B.    The Court Should Address the Venue Motion Before Ruling on the Remand
            Motion.................................................................................................. 8

      C.    Mandatory Abstention Under 28 U.S.C. § 1334(c)(2) Does Not Apply. ............... 9

      D.    The Factors for Permission Abstention under 28 U.S.C. § 1334(c)(1) or Equitable
            Remand Under 28 U.S.C. § 1452(b) Weigh Against the Plaintiffs. .................... 11

V.    CONCLUSION................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aliant Health Mgmt. Servs., Inc. v. Vital Link Private Duty Lodi, Inc. (In re Vital Link Lodi, Inc.)*,
240 B.R. 15 (Bankr. W.D. Mo. 1999) ................................................................................ 8, 9

*All American Laundry Service v. Ascher (In re Ascher)*,
128 B.R. 639 (Bankr.N.D.Ill.1991) ...................................................................................... 11

*Brown v. Chesnut (In re Chesnut)*,
422 F.3d 298 (5th Cir. 2005) .................................................................................... 2, 7, 10

*Browning v. Levy*,
283 F.3d 761 (6th Cir. 2002) ................................................................................................. 2

*Enslein v. Johnston*,
2018 WL 1508877 (W.D. Mo. Mar. 27, 2018) ................................................................... 10

*In re Farmland Indus., Inc.*,
567 F.3d 1010 (8th Cir. 2009) ............................................................................................ 2, 7

*Frank v. P N K (Lake Charles) L.L.C.*,
947 F.3d 331 (5th Cir. 2020) ............................................................................................... 15

*Frelin v. Oakwood Homes Corp.*,
292 B.R 369 (Bankr. E.D. Ar. 2003) ................................................................................... 11

*Grossman v. Lothian Oil Inc. (In re Lothian Oil Inc.)*,
650 F.3d 539 (5th Cir. 2011) ............................................................................................... 13

*Hoffman v. Bullmore (In re Nat'l Warranty Ins. Risk Retention Group)*,
384 F.3d 959 (8th Cir. 2004) ............................................................................................... 15

*Larimi, Ltd. v. Yes! Ent. Corp.*,
244 B.R. 56 (D.N.J. 2000) ..................................................................................................... 8

*Manges v. Atlas (In re Duval Cty. Ranch Co.)*,
167 B.R. 848 (Bankr. S.D. Tex. 1994) .................................................................................. 8

*In re Molina Y Vedia*,
150 B.R. 393 (Bankr. S.D. Tex. 1992) .................................................................................. 8

*Raleigh v. Illinois Dep't of Revenue*,
530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) ........................................................ 13

*S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*,
817 F2d 1142 (5th Cir. 1987) .............................................................................................. 10

*Schertz-Cibolo-Universal City I.S.D. v. Wright (In re Educators Gp. Health Trust)*,
25 F.3d 1281 (5th Cir. 1994) ............................................................................................... 11

*Specialty Mills, Inc. v. Citizens State Bank*,
   51 F.3d 770 (8th Cir. 1995) ................................................................................................ 8

*The Cadle Co. v. Mims (In re Moore)*,
   608 F.3d 253 (5th Cir. 2010) ...................................................................................... 7, 11, 12

*Tinmaster, Inc. v. Stanley Bank*,
   2018 WL 7324885 (W.D. Mo. Dec. 4, 2018)..................................................................... 10

*Travelers Casualty & Surety Co. v. Pacific Gas & Elec. Co.*,
   549 U.S. 443, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007)............................................... 12

*Velo Holdings Inc. v. Paymentech, LLC (In re Velo Holdings Inc.)*,
   475 B.R. 367 (Bankr. S.D.N.Y. 2012) ............................................................................... 8

*In re Wood*,
   825 F.2d 90 (5th Cir. 1987) ................................................................................................ 2

**Statutes**

11 U.S.C. § 362(a) ...................................................................................................................... 10

11 U.S.C. § 362(a)(3) ............................................................................................................. 10, 12

11 U.S.C. § 502(b) ................................................................................................................ 12, 13

11 U.S.C. § 541(a) ................................................................................................................... 8, 10

28 U.S.C § 157(b)(2)(A) .............................................................................................................. 8

28 U.S.C § 157(b)(2)(H) .............................................................................................................. 8

28 U.S.C § 157(b)(2)(O) .............................................................................................................. 8

28 U.S.C. § 157(d)(5) ................................................................................................................. 12

28 U.S.C. § 1334(b) ..................................................................................................................... 8

28 U.S.C. § 1408(1) ................................................................................................................... 14

4868-5814-4344

Tehum Care Services, Inc. d/b/a Corizon Health, Inc., one of the above-captioned defendants, and also the above-captioned chapter 11 debtor and debtor in possession ("<u>Tehum</u>" or the "<u>Debtor</u>"), for its *Suggestions in Opposition* to *Plaintiffs' Motion to Remand and Request for Expedited Briefing* [Docket No. 22] (the "<u>Remand Motion</u>"), respectfully represents as follows:

## I.      PRELIMINARY STATEMENT

1.     The Debtor commenced its chapter 11 case on February 13, 2023 (the "<u>Petition Date</u>"), by filing a voluntary chapter 11 petition with the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (the "<u>Texas Bankruptcy Court</u>").  The Debtor's chapter 11 case is pending before the Honorable Christopher M. Lopez under Case No. 23-90086 (CML) (the "<u>Chapter 11 Case</u>").[1]  The underlying lawsuit was removed to this Court, and, on February 20, 2023, the Debtor filed its motion to transfer venue to the Texas Bankruptcy Court.  *See* Docket Nos. 9, 10.[2]  Since then, the Texas Bankruptcy Court has stayed several lawsuits, including the present Adversary Proceeding, until <u>*at least*</u> May 18, 2023.  *See Order Regarding Debtor's Emergency Motion to Extend and Enforce the Automatic Stay* [Chapter 11 Case Docket No. 118] (the "<u>Stay Order</u>"), attached hereto as **Exhibit A**.

2.     As discussed herein, in light of the pendency of the Chapter 11 Case, the claims asserted in Plaintiffs' lawsuit are more than "run of the mill" state law causes of action between or among contract counterparties.  Instead, remanding the case to state court would risk subverting the Chapter 11 Case and the bankruptcy process as a whole, which is intended to maximize estate assets for the benefit of all creditors, not just the ones who get to the courthouse first.  Plaintiffs

---

[1] All filings in the Chapter 11 Case may be viewed and downloaded at no charge from the Debtor's noticing agent's website at http://www.kccllc.net/Tehum.

[2] Docket Number 9 herein is the Motion to Transfer Venue, and Docket Number 10 is the Suggestions in Support of the Motion.  References herein to the "<u>Venue Motion</u>" are to the Suggestions appearing at Docket No. 10.

have taken an active role in the Chapter 11 Case thus far. They appeared through counsel at the hearing on March 3, 2023, that resulted in the Stay Order, and one of the Plaintiffs (Capital Region Medical Center) is a member of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the Chapter 11 Case. *See* Chapter 11 Case Docket Nos. 77 & 145 (Notices of Committee Appointment and Amendment thereto (attached as **<u>Exhibits B-1 and B-2</u>**, respectively).

3.      The Remand Motion fails for a number of reasons but, before even reaching the underlying merits, the Court should note that Plaintiffs have failed to rebut the strong presumption that this matter belongs in the "home bankruptcy court." *See* Venue Motion ¶¶ 16, 19.

4.      If the Court nonetheless reaches the merits of the Remand Motion, it must still be denied as Plaintiffs fail to carry their burden. Mandatory abstention does not apply because this Adversary Proceeding concerns "core" matters over which the Texas Bankruptcy Court has both "arising under" and "related to" subject matter jurisdiction. The claims asserted herein against the non-debtor defendants are, at the least, "arguable property of the estate," involving a "substantive right" under the Bankruptcy Code that cannot be adjudicated in a timely manner by the state court.[3] For these reasons, Plaintiffs cannot carry their burden of showing that mandatory abstention applies.

5.      Similarly, none of the factors governing discretionary abstention or equitable remand weigh in Plaintiffs' favor. Most notably, Plaintiffs cannot seriously argue (or establish) prejudice of any kind through a transfer of venue to the Texas Bankruptcy Court (or even leaving

---

[3] *See In re Farmland Indus., Inc.*, 567 F.3d 1010, 1017-18 (8th Cir. 2009) (citing *In re Wood,* 825 F.2d 90, 96 (5th Cir. 1987); *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002)) (discussing how "arising under" jurisdiction exists where a party invokes a "substantive right provided by the Bankruptcy Code"); *see also Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 302-03 (5th Cir. 2005) (discussing "arguable property of the estate" and the imposition of the automatic stay over such property).

the case where it is, in this Court). Plaintiffs have appeared in the Chapter 11 Case and have thus far actively participated in the Chapter 11 Case through counsel, and as stated earlier, one of the Plaintiffs is now an estate fiduciary, as a member of the Committee.

6.  For these reasons, and as further discussed herein, the Remand Motion must be denied or, at a minimum, deferred with this Adversary Proceeding being transferred to the Texas Bankruptcy Court for further proceedings and consideration.

## II.  JURISDICTION

7.  This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. The determination of venue or remand in this Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). As discussed further in Section IV.A below, this Court has subject matter jurisdiction over the underlying claims asserted herein.

## III.  BACKGROUND

8.  Plaintiffs, The Curators for The University of Missouri on behalf of the Missouri Health Care and University Physicians ("University") and Capital Region Medical Center ("Capital Region," and together with University, the "Plaintiffs"), originally filed the above-referenced proceeding in Missouri state court on May 11, 2022. The most recently amended petition therein was filed on November 3, 2022, with the full caption as follows: *The University of Missouri on behalf of the Missouri Health Care and University Physicians and Capital Region Medical Center v. Tehum Care Services, Inc. d/b/a Corizon Health, Inc., CHS TX, Inc., and YesCare Corp,* Case No. 22BA-CV01701 (the "State Court Action"), in the Circuit Court of Boone County, Missouri, Division 4 (the "State Court"). *See* Docket No. 1-1.[4]

---

[4] Exhibit 1 to Docket No. 1 (Notice of Removal) is the form of complaint filed with the state court on October 7, 2023, in connection with Plaintiffs' request for leave to file the same. The First Amended Petition in the State Court Action was filed of record on November 3, 2023 and appears at Docket No. 1-3 at 55-107. The two forms of document are identical.

4868-5814-4344

9.       In relevant part, Plaintiffs allege Corizon Health, Inc. ("Corizon Health") entered into a Hospital Services Agreement (the "Agreement") with the Missouri Department of Corrections ("MDOC"), and that Plaintiffs contracted with Corizon Health to provide medical services in support of Corizon Health's obligations to the MDOC under the Agreement.  Plaintiffs also allege, among other things, that Corizon Health failed to pay Plaintiffs for their services and, therefore, owes Plaintiffs $11,174,365.50 for such unpaid services.  Plaintiffs assert claims for breach of contract arising from these unpaid services.  *See generally* Docket No. 1-3 at 55-107.

10.      In late 2021 and early 2022, according to Plaintiffs' allegations, Corizon Health "enacted a plan to undergo a divisional merger under the Texas Business Organization Code (the "TBOC") to reallocate assets and liabilities among the resulting entities to avoid the claims of its creditors, like the Plaintiffs."  Docket No. 1-3, ¶ 58.  Plaintiffs contend defendants in this action were the result of this alleged "restructuring scheme" that "left [Corizon Health] with no active contracts, no customers, no meaningful assets; all while bearing the liabilities for all Corizon Health's terminated or expired contracts . . . , including Plaintiffs' Agreement."  *Id.* ¶ 62.  Obviously, the Debtor disputes these allegations and will respond if necessary, at the appropriate time.

11.      The Debtor is the surviving entity following a by-the-book divisional merger under Texas law (the "Divisional Merger"), and the crux of Plaintiffs' claims in the State Court Action go to the heart of the validity and enforceability of the Divisional Merger.  While the Debtor disputes the merits of Plaintiffs' claims, such claims nonetheless fall squarely within the Texas Bankruptcy Court's "core" jurisdiction to (i) resolve claims asserted against the Debtor and (ii) otherwise determine how the other asserted claims may proceed, if at all, for the benefit of the Debtor's estate and creditor body as a whole.  As outlined below, all claims asserted by Plaintiffs

in the State Court Action arise from Plaintiffs' contracts with the Debtor and are nothing more than

a standard-fare attempt to collect a debt against the Debtor (albeit against the Debtor **and** other

third parties).

12.   Plaintiffs assert the following claims in the State Court Action:[5]

    a.   Claims against the <u>Debtor and non-debtor defendants</u>:

        (i)  Count I – Breach of Contract;[6]

        (ii) Count II – Breach of Covenant of Good Faith and Fair Dealing;

        (iii) Count VII – Common Law Fraud / Conspiracy

        (iv) Count IX – Civil Conspiracy / Fraudulent Transfer; and

        (v)  Count XI – Civil Conspiracy / Constructive Fraudulent Transfer.

    b.   Claims asserted against the <u>Debtor only</u>:

        (i)  Count VIII - Fraudulent Transfer; and

        (ii) Count X – Constructive Fraudulent Transfer.

    c.   Claims against <u>non-debtor defendants</u>, but not the Debtor:

        (i)  Count III – Successor Liability (express and/or implied agreement);

        (ii) Count IV – Successor Liability (*de facto* merger);

        (iii) Count V – Successor Liability (mere continuation); and

        (iv) Count VI – Successor Liability (intent to defraud creditors).

13.   The State Court Action has not progressed substantially.  According to the State

Court docket, which is filed in this Adversary Proceeding at Docket 1-2, no trial date appears to

have been scheduled.  The first amended petition was filed on October 7, 2022, and the Debtor

filed its motion to dismiss on December 9, 2022.  The only events that appear to have occurred in

the State Court before the Petition Date and removal were hearings on the Debtor's motion to

dismiss and Plaintiffs' motion for preliminary injunction, which motion was filed under seal.

---

[5] The Debtor disputes the allegations but presents them here to demonstrate the basis for transfer of this Adversary Proceeding.

[6] According to the amended petition, Plaintiffs' contracts were with the Debtor and were allocated to the Debtor pursuant to the terms of the Divisional Merger.

14.    On the face of the complaint, therefore, Plaintiffs seek: (i) to recover money damages from the Debtor and the non-Debtor defendants under various contract and tort theories; (ii) to unwind the Divisional Merger; and (iii) or pursue equitable remedies against non-debtor defendants under various successor liability and fraudulent transfer theories.[7]

15.    On February 13, 2023, the Debtor commenced its Chapter 11 Case in the Texas Bankruptcy Court.  On February 14, 2023, the Debtor filed a Notice of Removal in this Adversary Proceeding.  On February 20, 2023, the Debtor filed its Venue Motion, which remains pending before this Court.

16.    On March 3, 2023, after the Committee was formed, the Texas Bankruptcy Court approved Plaintiffs' counsels' application for *pro hac vice* admission, *see* Chapter 11 Case Docket Nos. 102, 103.  The day before, Plaintiffs also objected [Chapter 11 Case No. 88] to the *Debtor's Emergency Motion to Extend and Enforce the Automatic Stay* [Docket No. 7] (the "Stay Motion.").

17.    Also on March 3, 2023, following a lengthy evidentiary hearing at which Plaintiffs' counsel appeared via phone and video, the Texas Bankruptcy Court entered the Stay Order, staying this Adversary Proceeding, and several others, pending a final hearing scheduled for May 17, 2023.  *See* **Exhibit A**.[8]  Counsel for Plaintiffs both made an appearance and addressed Judge Lopez in opposition to the Stay Motion.  *See* **Exhibit C**, Hearing Tr. 3/3/2023 (Chapter 11 Case), at 37-38 (excerpts only).

---

[7] As discussed below, the claims for fraudulent transfer and successor liability are property of the Debtor's estate and Plaintiffs no longer have standing to pursue the same.  At a minimum, the action is stayed pending such a determination by the Texas Bankruptcy Court, which has exclusive jurisdiction to determine whether such claims are property of the Debtor's estate.

[8] As mentioned in the Venue Motion, the Texas Bankruptcy Court allows for remote appearances by phone/video as a matter of course, without the need for a request or special permission.  Venue Motion, ¶ 26 (citing *Procedures for Complex Cases in Southern District of Texas)* (Effective January 1, 2023), Sections H, I (¶¶ 21-28), https://www.txs.uscourts.gov/sites/txs/files/Complex_11_Procedures_01032023.pdf (last visited Feb. 16, 2023).

## IV.    DISCUSSION

### A.    Subject Matter Jurisdiction Cannot Reasonably Be Questions.

18.    As a threshold matter, this Court unquestionably has subject matter jurisdiction over the Adversary Proceeding.  The claims asserted by Plaintiffs are either direct claims for money judgment against the Debtor, or equitable theories against non-debtor defendants based on the Debtor's Divisional Merger and alleged fraudulent transfers.  Adjudication of such claims will go to the heart of the Chapter 11 Case, the adjustment of debtor-creditor rights, and the Debtor's existence.  Nothing could more directly impact the administration of the Debtor's bankruptcy estate.

19.    Indeed, the claims asserted by Plaintiffs in the State Court Action go so far as to "invoke a substantive right provided by the Bankruptcy Code." *See In re Farmland Indus., Inc.,* 567 F.3d 1010, 1017-18 (8th Cir. 2009).  Plaintiffs assert claims against the non-debtor defendants for successor liability, fraudulent transfer and similar theories that—now that the Chapter 11 Case is pending—are derivative claims which are property of the Debtor's estate, or at least what the Fifth Circuit calls "arguable property of the estate."  *See In re Chesnut,* 422 F.3d at 305-06; *The Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 258-62 (5th Cir. 2010) (summarizing Fifth Circuit precedent regarding estate causes of action, including alter ego, veil piercing and fraudulent transfer theories).

20.    In *Chesnut*, the Fifth Circuit explained that seizure of property that is arguably property of the estate requires some due process given the "substantial" effect such a seizure will have on the debtor and other creditors.  *Id.* at 306.  That analysis applies here, where Plaintiffs are seeking to pursue claims that appear to be "property of the estate."  Before they do so, the Texas Bankruptcy Court must first determine whether such claims are, in fact, property of the estate.  As noted above, such a determination is a "core proceeding" that invokes a substantive bankruptcy

right—namely, section 541(a) of the Bankruptcy Code. *See* 28 U.S.C § 157(b)(2)(A), (H), (O); *see also, e.g.*, *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 774 (8th Cir. 1995) (quotation omitted); *In re Molina Y Vedia*, 150 B.R. 393, 394 (Bankr. S.D. Tex. 1992) ("A proceeding to determine what constitutes property of the estate under Section 541 is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (E) with jurisdiction arising under 28 U.S.C. § 1334, § 157(a), and this district's general order of reference."); *Manges v. Atlas (In re Duval Cty. Ranch Co.)*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994) (same); *Velo Holdings Inc. v. Paymentech, LLC (In re Velo Holdings Inc.)*, 475 B.R. 367, 386-87 (Bankr. S.D.N.Y. 2012) ("The determination whether something is property of the estate is a core matter.") (collecting cases).

21.     And then, of course, there are Plaintiffs' claims for money damages against the Debtor which (albeit stayed) are undeniably core matters pursuant to 28 U.S.C. § 157(b)(2)(B). The bankruptcy court unquestionably has subject matter jurisdiction to allow or disallow claims against the Debtor pursuant to 28 U.S.C. § 1334(b).  Thus, this Court has broad discretion to transfer the case on grounds of either the "interest of justice" or "convenience of the parties." *Aliant Health Mgmt. Servs., Inc. v. Vital Link Private Duty Lodi, Inc. (In re Vital Link Lodi, Inc.)*, 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999) (citations omitted); *see also Larimi, Ltd. v. Yes! Ent. Corp.*, 244 B.R. 56, 61 (D.N.J. 2000).

**B.    The Court Should Address the Venue Motion Before Ruling on the Remand Motion.**

22.     Before considering the merits of the Remand Motion, the Court should first take up the Venue Motion.  Putting aside that the Venue Motion was filed 11 days before the Remand Motion, Plaintiffs have not otherwise presented any reason as to why the Court should rule on the Remand Motion first.  In fact, this Court has previously noted that there is no dispositive authority governing the order over which a court must rule on such competing motions.  In the most oft-cited decision on point, this Court concluded that courts have discretion to consider motions in

either order.  *See In re Vital Link Lodi, Inc.*, 240 B.R. 15, 21 n.3 (Bankr. W.D. Mo. 1999) (citations

omitted).

23.     *Vital Link Lodi* is the case most directly analogous to the present one.  In that case,

the Court was presented with competing motions to transfer venue to the "home bankruptcy court"

or remand to state court.  In granting the motion to transfer venue, the Court explained that the

"home bankruptcy court" was in a better position to consider the remand motion because "it is

more familiar with the complexities of the bankruptcy case and related litigation," more parties

were present in the bankruptcy case, and "perhaps most importantly, [the plaintiff] will not be

prejudiced because its [remand motion] will be transferred along with the case, as pending,

essentially unaffected by the change of venue."  *Id.* at 21.

24.     So, too, here.  While the Chapter 11 Case has been on file for five weeks, the Texas

Bankruptcy Court has already presided over a four-hour hearing on the Debtor's Stay Motion, a

short (sealed) status conference on Monday, and just yesterday conducted a five-hour interim DIP

financing hearing.  The Texas Bankruptcy Court is now familiar with the various litigation and

parties appearing in the Chapter 11 Case, including Committee counsel.  Under these

circumstances—including that one of the Plaintiffs is on the Committee and that Plaintiffs'

litigation counsel has otherwise appeared in the Chapter 11 Case—this Court is well within its

discretion to grant the Venue Motion, and reserve the Remand Motion for determination by the

Texas Bankruptcy Court.

## C.     **Mandatory Abstention Under 28 U.S.C. § 1334(c)(2) Does Not Apply.**

25.     However, should the Court decide to address the Remand Motion, it is clear that

mandatory abstention does not apply.  For mandatory abstention to apply, Plaintiffs must prove all

of the following elements:  (1) a timely motion is made; (2) the proceeding is based on a state law

claim or cause of action; (3) the basis for removal is 'related to' jurisdiction; (4) the only basis for

original jurisdiction in federal court is the bankruptcy filing; (5) the proceeding has already commenced in state court; and (6) the action can be timely adjudicated in state court. *See generally Tinmaster, Inc. v. Stanley Bank*, 2018 WL 7324885, at *2 (W.D. Mo. Dec. 4, 2018) (quoting *Enslein v. Johnston*, 2018 WL 1508877, at *4 (W.D. Mo. Mar. 27, 2018)).

26.    The third and sixth elements above cannot be met.[9]  As discussed above in Section IV.A, removal was based on more than mere "related to" jurisdiction.  By pursuing such equitable remedies against non-debtor parties as successor liability, fraudulent transfer and the like, Plaintiffs have invoked (but may no longer pursue) a "substantive right" of the Bankruptcy Code— sections 362(a) and 541(a)—by asserting dominion and control over estate causes of action. *See In re Chesnut*, 422 F.3d at 305-06.

27.    Moreover, Plaintiffs cannot prove that their remaining claims against non-debtor defendants can be "timely adjudicated" in the State Court.  The Texas Bankruptcy Court has already stayed this proceeding until *at least* May 18, 2023, pending a determination of whether such claims are either "property of the estate" or should be stayed due to an "identity of interests" with the Debtor.  As discussed above in Section IV.A, such a determination, on its own, is a "core proceeding" that directly impact the administration of the Debtor's estate.  To the extent this Court must decide whether these claims can be "timely adjudicated," this Court should recognize that doing so would conflict with the automatic stay.  *See* 11 U.S.C. § 362(a)(3); *see, e.g., S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F2d 1142, 1153 (5th Cir. 1987) ("We, therefore, conclude that [the creditor's] alter ego action is a right of action belonging to [the debtor in possession] and, as such, is 'property of the estate' within the meaning

---

[9] As for factor 3, as discussed herein, the Debtor contends that the claims asserted are core claims in one form or another and that the overall proceeding is a core proceeding, as it seeks to liquidate "claims" against the estate.

of section 541(a)(1). Accordingly, the automatic stay of section 362(a)(3) applies to [creditor's] state action."); *see also generally Schertz-Cibolo-Universal City I.S.D. v. Wright (In re Educators Gp. Health Trust)*, 25 F.3d 1281, (5th Cir. 1994) ("It is well-established that the bankruptcy estate succeeds to the causes of action which the debtor could have brought as of the commencement of the case, subject to any defenses the debtor may have faced."); *In re Moore*, 608 F.3d at 258-62.

**D.    The Factors for Permission Abstention under 28 U.S.C. § 1334(c)(1) or Equitable Remand Under 28 U.S.C. § 1452(b) Weigh Against the Plaintiffs.**

28.    As with mandatory abstention, it is Plaintiffs' burden to prove that these factors justify abstention or remand. *See Frelin v. Oakwood Homes Corp.*, 292 B.R 369, 381 (Bankr. E.D. Ar. 2003) (citing *All American Laundry Service v. Ascher (In re Ascher),* 128 B.R. 639, 644 (Bankr.N.D.Ill.1991)). Plaintiffs list 12 factors for this Court to consider for permissive abstention and four factors to consider for equitable remand. *See* Remand Motion, p. 15-21. The Debtor agrees that courts have considered those factors when considering motions for permissive abstention or equitable remand.

29.    Of those factors 12, Plaintiffs contend the following eight factors support their Remand Motion:

      a.  Lack of subject matter jurisdiction;

      b.  Presence of a jury demand;

      c.  Predominance of state law issues;

      d.  State Court's expertise over the subject matter;

      e.  Potential waste of judicial resources;

      f.  Prejudice to Plaintiffs;

      g.  Lack of delay to the administration of the Chapter 11 Case; and

      h.  The presence of forum shopping.

4868-5814-4344

30.     First, Plaintiffs are simply mistaken about subject matter jurisdiction.  As discussed

above, the Texas Bankruptcy Court has unquestionable core "arising under" jurisdiction to

determine whether certain claims asserted by Plaintiffs are stayed under section 362(a)(3), because

they are property of the Debtor's estate.  Moreover, the allowance or disallowance of a claim

against the Debtor (*i.e.*, allowing Plaintiffs' alleged claim for breach of contract, etc.) is a down-

the-middle-of-the-fairway "core proceeding" over which the Texas Bankruptcy Court has subject

matter jurisdiction.  This factor does not weigh in Plaintiffs' favor.

31.     Second, the presence of a jury demand has no bearing on remand of this proceeding.

These are not personal injury tort or wrongful death claims that would be subject to 28 U.S.C.

§ 157(d)(5).  If Plaintiffs wish to recover from the Debtor's estate, they must file a proof of claim

in the Chapter 11 Case.  If the claims against non-debtor defendants are property of the estate, then

they are not even claims that Plaintiffs may pursue.  As set forth herein, Fifth Circuit precedent

unambiguously holds that successor liability, fraudulent transfer and similar theories of recovery

become property of the Debtor's bankruptcy estate upon the commencement of the Chapter 11

Case.  *See In re Moore*, 608 F.3d at 258-62.  Thus, the presence of a jury demand does not tip the

scales in Plaintiffs' favor.

32.     For similar reasons, the presence of state law issues over certain claims is irrelevant

if Plaintiffs no longer have standing to pursue these claims.  Similarly, although state law may

control Plaintiffs' right to have their claims against the Debtor allowed, it is the Texas Bankruptcy

Court that should, and will, apply such law when determining whether, and in what amount,

Plaintiffs' claims should be allowed against the Debtor.  *See* 11 U.S.C. § 502(b); *Travelers Casualty*

*& Surety Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S. Ct. 1199, 1205-06, 167 L. Ed. 2d

178, 186-87 (2007) (explaining the "basic federal rule in bankruptcy is that state law governs the

12

substance of claims, "subject to any qualifying or contrary provisions of the Bankruptcy Code")

(quoting *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13

(2000)); *Grossman v. Lothian Oil Inc. (In re Lothian Oil Inc.)*, 650 F.3d 539, 543 (5th Cir. 2011)

(discussing the interplay between state law and 11 U.S.C. § 502(b)).  For now, federal bankruptcy

and Texas corporate law will predominate the most important determination of whether these

claims are property of the Debtor's bankruptcy estate.  The ultimate allowance (or disallowance)

of Plaintiffs' claims against the Debtor will be an issue for the Texas Bankruptcy Court to

adjudicate at the appropriate time.  As such, this factor is neutral, at best, but most likely weighs

against remand or abstention.

33.     Fourth, Plaintiffs argue that the State Court has expertise in the subject matter of

these claims, but this misses the point.  No court is as experienced in addressing ownership of

potential estate causes of action as a bankruptcy court, nor may any court *other than* the Texas

Bankruptcy Court make such a determination.  This factor does not support remand or abstention.

34.     Fifth, requiring this action to proceed in the Texas Bankruptcy Court will not be a

waste of judicial (or any) resources.  On the contrary, having parallel proceedings in multiple courts

concerning the same claims (all of which are property of the estate, or at least "arguable property

of the estate") is what will waste judicial resources.  Conversely, sending this case to the Texas

Bankruptcy Court is the most efficient path for all concerned, and will allow (if appropriate) for

input on these matters by the Committee and potentially other parties in interest.  This factor does

not support remand or abstention.

35.     Sixth, any allegation that Plaintiffs would be prejudiced without remand is farcical.

As noted above, both Plaintiffs have appeared via counsel in the Chapter 11 Case, one of the

Plaintiffs is an estate fiduciary serving on the Committee, any and all counsel and witnesses may

appear in the Texas Bankruptcy Court via remote connection.  The only risk of prejudice here would be to the Debtor, if the Debtor is required to defend this Adversary Proceeding in State Court where none of the Debtor's creditors will have an opportunity to be heard.  This factor weighs heavily *against* remand or abstention.

36.     Seventh, as discussed above, the claims asserted by Plaintiffs go to the heart of the Debtor's very existence.  Adjudication of such claims have a direct and substantial impact on the administration of the estate and the Chapter 11 Case.  Moreover, Plaintiffs are not the only creditors asserting similar "successor" theories in state court.  Such theories have also been asserted by various plaintiffs in Michigan and Tennessee among other jurisdictions.  To avoid the risk of potentially conflicting rulings by various tribunals, and to ensure the effective and timely administration of the Debtor's Chapter 11 Case, such matters are best adjudicated in the Texas Bankruptcy Court, which can only be done by granting the Transfer Motion and denying the Remand Motion.

37.     Finally, Plaintiffs contend that the filing of the Debtor's Chapter 11 Case in Texas— its state of incorporation—demonstrates forum shopping.  The proper place to make that argument would be in the Texas Bankruptcy Court through a motion to transfer venue of the Chapter 11 Case as a whole, or a request for some other relief.  The fact of the matter is that the Debtor has been a Texas corporation since April/May 2022, and state of incorporation is a proper—and statutory— basis for venue for a chapter 11 case generally, and the Debtor's Chapter 11 Case in particular.  *See* 28 U.S.C. § 1408(1) (stating that a bankruptcy case may be commenced in the district "in which the domicile . . . of the person or entity that is the subject of such case have been located" for the 180 days before the case was commenced); *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) ("In turn, generally, a corporation's home falls into two paradigmatic places:

(1) the state of incorporation and (2) the state where it has its principal place of business") (cleaned up); *Hoffman v. Bullmore (In re Nat'l Warranty Ins. Risk Retention Group)*, 384 F.3d 959, 962 (8th Cir. 2004) ("For years, federal courts interpreting jurisdictional and venue issues have considered a corporation's domicile to be its place of incorporation") (citations omitted). This factor does not support remand or abstention.

## V.    CONCLUSION

38.    The preponderance of evidence makes clear that Plaintiffs have not carried their burden for remand or abstention. Mandatory abstention does not apply, and none of the eight factors cited by Plaintiffs in their Remand Motion supports equitable remand or permissive abstention. For these reasons, this Court should deny the Remand Motion, grant the Transfer Moton and send this Adversary Proceeding to the Texas Bankruptcy Court.

WHEREFORE the Debtor requests that this Court deny the Remand Motion, grant the Transfer Motion, and grant such other relief as may be appropriate.


*[Remainder of page intentionally left blank]*

4868-5814-4344

Respectfully submitted this 23rd day of March, 2023.

**MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.**

*/s/ Scott B. Haines*

Scott B. Haines MO #32525
B. Scott Tschudy MO # 46736
6401 Indian Creek Parkway
Overland Park, Kansas 66210
Telephone:      (913) 491-5500
Facsimile:      (913) 491-3341
Email:          sbhaines@martinpringle.com
                bstschudy@martinpringle.com

*-and-*

**GRAY REED**

*/s/ Jason S. Brookner*

Jason S. Brookner (*pro hac vice*)
Texas Bar No. 24033684
Aaron M. Kaufman (*pro hac vice*)
Texas Bar No. 24060067
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:      (713) 986-7000
Facsimile:      (713) 986-7100
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com

*Counsel to Tehum Care Services, Inc. d/b/a
Corizon Health, Inc.*

4868-5814-4344

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 23rd day of March, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Missouri, as well as via e-mail on counsel to Plaintiffs and the other Defendants as follows:

**<u>Counsel to Plaintiffs</u>:**                **<u>Counsel to YesCare and CHS TX, Inc.</u>:**

Patrick Stueve (stueve@stuevesiegel.com)  Sam Hershey (sam.hershey@whitecase.com)
Ethan Lange (lange@stuevesiegel.com)      Phil Cantwell (pcantwell@dowdbennett.com)
Jordan Kane (kane@stuevesiegel.com)       Robyn Parkinson (rparkinson@dowdbennett.com)


*/s/ Jason S. Brookner*
Jason S. Brookner