# EXHIBIT 29

## EQUITY PURCHASE AND SALE AGREEMENT

THIS EQUITY PURCHASE AND SALE AGREEMENT (this "**Agreement**") is entered into as of May 5, 2022 by and between Valitás Intermediate Holdings, Inc., a Delaware corporation ("**Seller**"), and YesCare Corp., a Texas corporation ("**Purchaser**").

WHEREAS, upon the terms and subject to the conditions contained herein, Purchaser desires to purchase from Seller, and Seller desires to sell to Purchaser, 100% of Seller's shares of capital stock (the "**Purchased Shares**") in CHS TX, Inc., a Texas corporation (the "**Company**");

WHEREAS, as consideration for the acquisition of the Purchased Shares, Purchaser desires to assume all of Seller's rights, obligations, and liabilities under that certain Third Amended and Restated Credit Agreement, dated as of August 17, 2020 by and between Valitás Health Services, Inc., a Texas corporation, Corizon, LLC, a Missouri limited liability company and Corizon Health, Inc., a Texas corporation, as borrowers, Seller, Cortland Capital Market Services LLC, as Administrative Agent (the "**Agent**"), and each of the Lenders and the lenders party thereto (as amended by the First Amendment, dated as of July 12, 2021, the Second Amendment, dated as of July 12, 2021, the Third Amendment, dated as of September 30, 2021 and the Fourth Amendment and Waiver, dated as of April 29, 2022, the "**Credit Agreement**"); and

WHEREAS, on the date hereof, concurrently with the execution of this Agreement, the Company, Seller, Purchaser and Agent have entered into that certain Fifth Amendment, Assignment, Assumption, Waiver and Release to Third Amended And Restated Credit Agreement (the "**Fifth Amendment**"), pursuant to which, among other things, Purchaser is assuming and Seller is assigning, all of the rights, obligations and liabilities of Seller under the Credit Agreement and the other Loan Documents (as defined in the Credit Agreement).

AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual benefits to be derived from this Agreement and the covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

**Section 1.     Purchase and Sale**

1.1     Purchase and Sale of Shares.  Subject to the terms and conditions set forth herein, on the Effective Date (defined below), Purchaser shall acquire from Seller, and Seller shall sell, assign, transfer and deliver to Purchaser, free and clear of all liens, the Purchased Shares for (i) an aggregate cash purchase price equal to $100.00 *plus* (ii) the assumption of all rights, obligations and liabilities of Seller under the Credit Agreement pursuant to the Fifth Amendment.

1.2     "As-Is, Where-Is". The purchase and sale contemplated by this Agreement is on an "as-is, where-is" basis and Seller makes no representations or warranties whatsoever.

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**Section 2.      Miscellaneous**

2.1      <u>Governing Law; Forum</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas without regard to principles of conflicts of laws otherwise applicable to such determinations.  All disputes arising under or related to this Agreement shall be within the jurisdiction of, and be brought exclusively in, the federal or state courts of Texas.

2.2      <u>Severability</u>.  If any term, provision, or condition of this Agreement, or any application thereof, is held invalid, illegal, or unenforceable in any respect under any law, this Agreement shall be reformed to the extent necessary to conform, in each case consistent with the intention of the Company, to such law, and to the extent such term, provision, or condition cannot be so reformed, then such term, provision, or condition (or such invalid, illegal, or unenforceable application thereof) shall be deemed deleted from (or prohibited under) this Agreement, as the case may be, and the validity, legality, and enforceability of the remaining terms, provisions, and conditions contained herein (and any other application of such term, provision, or condition) shall not in any way be affected or impaired thereby.

2.3      <u>Further Assurances</u>.  Each of the parties hereto hereby agrees that at any time, or from time to time, as and when requested by another party hereto, or by their successors and assigns, it will execute and deliver any additional documents and instruments and perform any additional acts necessary or appropriate to effectuate the provisions of this Agreement in accordance with the terms set forth herein.

2.4      <u>Conditions to Effectiveness</u>.  This Agreement shall become effective as of the first date on which all of the following conditions shall have occurred (such date, the "**Effective Date**"): (i) this Agreement shall have been duly executed and delivered by Seller and Purchaser; (ii) the Fifth Amendment Effective Date (as defined in the Fifth Amendment) shall have occurred; and (iii) the effectiveness of the Equity Purchase and Sale Agreement, dated as of the date hereof, by and between Sara Tirschwell as seller and YesCare Holdings, LLC as purchaser.

*   *   *

-2-

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                   **YESCARE-CHS-00000200**

IN WITNESS WHEREOF, the parties hereto have duly executed this Equity Purchase and Sale Agreement as of the date first above written.

**PURCHASER:**

**YESCARE CORP.**

By: _____
Name: Sarah Tirschwell
Title: President

**SELLER:**

**VALITÁS INTERMEDIATE HOLDINGS, INC.**

By:_____
  Name:
  Title:

[CHS TX Equity Purchase and Sale Agreement Signature Page]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER** **YESCARE-CHS-00000201**

IN WITNESS WHEREOF, the parties hereto have duly executed this Equity Purchase and Sale Agreement as of the date first above written.

<u>**PURCHASER:**</u>

**YESCARE CORP.**

By:_____
   Name:
   Title:

<u>**SELLER:**</u>

**VALITÁS INTERMEDIATE HOLDINGS, INC.**

By: _____
   Name: Isaac Lefkowitz
   Title:

[CHS TX Equity Purchase and Sale Agreement Signature Page]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**       **YESCARE-CHS-00000202**

# EXHIBIT 30

## EQUITY PURCHASE AND SALE AGREEMENT

THIS EQUITY PURCHASE AND SALE AGREEMENT (this "**Agreement**") dated as of May 5, 2022 is entered into by and between Sara Tirschwell, an individual residing in Texas ("**Seller**"), and YesCare Holdings, LLC, a New York limited liability company ("**Purchaser**").

WHEREAS, Seller owns 1,000 shares of capital stock in YesCare Corp., a Texas Corporation (the "**Company**") constituting 100% of the Company's equity; and

WHEREAS, upon the terms and subject to the conditions contained herein, Purchaser desires to purchase from Seller, and Seller desires to sell to Purchaser, 950 shares of Seller's capital stock in the Company (the "**Purchased Shares**"), constituting 95% of the Company's equity.

AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual benefits to be derived from this Agreement and the covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

**Section 1.       Purchase and Sale**

1.1       Purchase and Sale of Shares.  Subject to the terms and conditions set forth herein, Purchaser hereby acquires from Seller, and Seller hereby sells, assigns, transfers and delivers to Purchaser, free and clear of all liens, the Purchased Shares for a cash purchase price equal to $95.00.

1.2       Representations and Warranties of Seller. The Company is a corporation duly organized, validly existing, and in good standing under the laws of the state of Texas and has full corporate power and authority to carry on its business as it has been and is currently conducted.  The authorized shares of the Company consist of 1,000 shares of capital stock, par value $.001 per share, of which 1,000 shares are issued and outstanding.  The Purchased Shares have been duly authorized, are validly issued, fully paid and nonassessable, and are owned of record and beneficially by Seller, free and clear of all encumbrances.  Seller makes no representations or warranties other than those contained in this Section 1.2.

**Section 2.       Miscellaneous**

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                                          **YESCARE-CHS-00000191**

2.1 <u>Governing Law; Forum</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas without regard to principles of conflicts of laws otherwise applicable to such determinations. All disputes arising under or related to this Agreement shall be within the jurisdiction of, and be brought exclusively in, the federal or state courts of Texas.

2.2 <u>Severability</u>. If any term, provision, or condition of this Agreement, or any application thereof, is held invalid, illegal, or unenforceable in any respect under any law, this Agreement shall be reformed to the extent necessary to conform, in each case consistent with the intention of the Company, to such law, and to the extent such term, provision, or condition cannot be so reformed, then such term, provision, or condition (or such invalid, illegal, or unenforceable application thereof) shall be deemed deleted from (or prohibited under) this Agreement, as the case may be, and the validity, legality, and enforceability of the remaining terms, provisions, and conditions contained herein (and any other application of such term, provision, or condition) shall not in any way be affected or impaired thereby.

2.3 <u>Further Assurances</u>. Each of the parties hereto hereby agrees that at any time, or from time to time, as and when requested by another party hereto, or by their successors and assigns, it will execute and deliver any additional documents and instruments and perform any additional acts necessary or appropriate to effectuate the provisions of this Agreement in accordance with the terms set forth herein.

2.4 <u>Conditions to Effectiveness</u>. This Agreement shall become effective when executed by Purchaser and Seller.

*   *   *

-2-

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                        **YESCARE-CHS-00000192**

IN WITNESS WHEREOF, the parties hereto have duly executed this Equity Purchase and Sale Agreement as of the date first above written.

**PURCHASER:**

**YESCARE HOLDINGS, LLC**

By: _____

    Name:   Zalman Schapiro
    Title:
    Date:   Authorized Signatory

**SELLER:**

**SARA TIRSCHWELL**

By: _____

    Sara Tirschwell
    Date:

[YesCare Equity Purchase and Sale Agreement Signature Page]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

# EXHIBIT 33

## UNANIMOUS WRITTEN CONSENT

## OF

## THE BOARD OF DIRECTORS

## OF

## CHS TX, INC.

The undersigned, being all of the directors of CHS TX, Inc., a Texas corporation (the "**Corporation**"), acting by written consent pursuant to Sections 6.201 and 21.415 of the Texas Business Organizations Code, do hereby consent to the adoption of the following resolutions and direct that this consent be filed with the minutes of the proceedings of the board of directors of the Corporation on this day of May 5, 2022:

**WHEREAS**, the board of directors deems it advisable and in the best interest of the Corporation to ratify the actions of the incorporator of the Corporation taken prior to the date of this consent;

**WHEREAS**, the board of directors deems it advisable and in the best interest of the Corporation to adopt the bylaws attached hereto as Exhibit A to be the bylaws of the Corporation;

**WHEREAS**, the board of directors deems it advisable to appoint officers of the Corporation;

**WHEREAS**, the board of directors deems it advisable and in the best interest of the Corporation to enter into a Joinder Agreement with Corizon Health, Inc., a Texas corporation, in substantially the form attached hereto as Exhibit B (the "**Joinder Agreement**"); and

**WHEREAS**, the board of directors deems it advisable and in the best interest of the Corporation to enter into a Fifth Amendment, Assignment, Assumption, Waiver and Release to Third Amended and Restated Credit Agreement by and among the Corporation, Valitás Intermediate Holdings, Inc., YesCare Corp., Cortland Capital Market Services LLC, as Administrative Agent, and several lenders (the "**Fifth Amendment**").

**NOW THEREFORE LET IT BE:**

**RESOLVED,** that any actions taken by the incorporator of the Corporation prior to the date of this written consent are hereby ratified, confirmed, approved, and adopted as actions of the Corporation; and further

**RESOLVED**, that the bylaws attached hereto as Exhibit A are hereby ratified, confirmed, approved, and adopted as the bylaws of the Corporation; and further

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**RESOLVED**, that the following person be and hereby is elected to the offices set forth opposite their name below, to hold office until the earlier election and qualification of their respective successors or until their earlier resignation or removal:

| Name | Office(s) |
|------|-----------|
| Sara Tirschwell | Chief Executive Officer and President |
| Scott King | Chief Legal Officer and Secretary |
| Jeff Sholey | Chief Financial Officer |
| Gregg Ladele | Chief Marketing Officer |

**RESOLVED**, that the Joinder Agreement is hereby approved and adopted in all respects, and any officer of the Corporation be, and hereby is, authorized and empowered and directed, in the name and on behalf of the Corporation to execute and deliver the Joinder Agreement in such form and with such changes therein as they shall approve, the signature of such officer thereon to be conclusive evidence of approval of such changes; and further

**RESOLVED**, that the Fifth Amendment is hereby approved and adopted in all respects, and any officer of the Corporation be, and hereby is, authorized and empowered and directed, in the name and on behalf of the Corporation to execute and deliver the Fifth Amendment in such form and with such changes therein as they shall approve, the signature of such officer thereon to be conclusive evidence of approval of such changes; and further

**RESOLVED**, that the officers of the Corporation be, and each them individually hereby is, authorized and empowered to do and perform or cause to be done and performed all such acts, deeds and things, and to make, execute and deliver, or cause to be made, executed and delivered, all such agreements, undertakings, documents, instruments or certificates in the name of the Corporation and to retain such counsel, agents and advisors and to incur and pay such expenses, fees and taxes as shall, in the opinion of the officers of the Corporation executing the same, be deemed necessary or advisable (such necessity or advisability to be conclusively evidenced by the execution thereof) to effectuate the Transactions or carry out fully the purpose and interest of all of the foregoing resolutions; and that any and all such actions heretofore or hereafter taken by the officers relating to and within the terms of these resolutions be, and they hereby are, adopted, affirmed, approved and ratified in all respects as the act and deed of the Corporation; and

**RESOLVED**, that an executed copy of this Unanimous Written Consent shall be filed with the minutes of the proceedings of the board of directors.

This Unanimous Written Consent may be signed in two or more counterparts, each of which shall be deemed an original, and all of which shall be deemed one instrument.

[*Signature Page Follows*]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**IN WITNESS WHEREOF**, the undersigned directors have duly executed this Unanimous Written Consent as of the date first above written.

_____
Sara Tirschwell, Chair

_____
Scott King

_____
Jeff Sholey

_____
Greg Ladele

[Signature Page to CHS TX, Inc. Post-Merger Unanimous Consent]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**YESCARE-CHS-00000038**

**IN WITNESS WHEREOF**, the undersigned directors have duly executed this Unanimous Written Consent as of the date first above written.

_____
Sara Tirschwell, Chair

_____
Scott King

_____
Jeff Sholey

_____
Greg Ladele

[Signature Page to CHS TX, Inc. Post-Merger Unanimous Consent]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**YESCARE-CHS-00000039**

**IN WITNESS WHEREOF**, the undersigned directors have duly executed this Unanimous Written Consent as of the date first above written.

_____
Sara Tirschwell, Chair


_____
Scott King


_____
Jeff Sholey


_____
Greg Ladele


[Signature Page to CHS TX, Inc. Post-Merger Unanimous Consent]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                    **YESCARE-CHS-00000040**

**IN WITNESS WHEREOF**, the undersigned directors have duly executed this Unanimous Written Consent as of the date first above written.

_____
Sara Tirschwell, Chair


_____
Scott King


_____
Jeff Sholey


_____
Greg Ladele


[Signature Page to CHS TX, Inc. Post-Merger Unanimous Consent]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

## Exhibit A

## BYLAWS

[See attached.]

4

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                              **YESCARE-CHS-00000042**

# BYLAWS
# OF
# CHS TX, INC.

### ARTICLE I
### OFFICES

**Section 1.01  REGISTERED OFFICE AND AGENT.** The registered office and registered agent of the Corporation shall be as set forth in the Corporation's Certificate of Formation. The registered office or registered agent may be changed by resolution of the Board of Directors, upon making the appropriate filing with the Secretary of State.

**Section 1.02  PRINCIPAL OFFICE.** The principal office of the Corporation shall be located at such place within or without the State of Texas as shall be fixed from time to time by the Board of Directors.

**Section 1.03  OTHER OFFICES.** The Corporation may also have other offices at any places, within or without the State of Texas, as the Board of Directors may designate, or as the business of the Corporation may require or as may be desirable.

**Section 1.04  BOOKS AND RECORDS.** All records maintained by the Corporation in the regular course of its business, including its share transfer ledger, books of account, and minute books, may be maintained in written paper form or another form capable of being converted to written paper form within a reasonable time. The Corporation shall convert any records so kept upon the request of any person entitled to inspect the records pursuant to applicable law.

### ARTICLE II
### SHAREHOLDERS

**Section 2.01  PLACE OF MEETING.** All meetings of the shareholders shall be held either at the principal office of the Corporation or at any other place, either within or without the State of Texas, as shall be designated in the notice of the meeting or duly executed waiver of notice. The meeting may be held solely by means of remote communication as set out in Section 2.02 below.

**Section 2.02  MEETINGS OF SHAREHOLDERS BY REMOTE COMMUNICATION**. Subject to any guidelines and procedures adopted by the Board of Directors, shareholders not physically present at a shareholders' meeting may participate in the meeting by means of remote communication and may be considered present in person and may vote at the meeting, whether held at a designated place or solely by means of remote communication, subject to the conditions imposed by applicable law.

**Section 2.03  ANNUAL MEETING.** An annual meeting of shareholders shall be held on the date and time set by the Board of Directors and stated in the notice of the meeting for the

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

purpose of electing directors and transacting any other business as may be brought properly before the meeting.

Failure to hold the annual meeting at the designated time does not result in the winding up or termination of the Corporation. If the Board of Directors fails to call the annual meeting, any shareholder may make written demand to any officer of the Corporation that an annual meeting be held.

**Section 2.04   SPECIAL SHAREHOLDERS' MEETINGS.** Special meetings of the shareholders may be called by the President, the Board of Directors, or by the holders of at least ten percent (10%) of all the shares entitled to vote at the proposed special meeting. The record date for determining shareholders entitled to call a special meeting is the date the first shareholder signs the notice of that meeting. Only business within the purpose or purposes described in the notice or executed waiver of notice may be conducted at a special meeting of the shareholders.

**Section 2.05   QUORUM OF SHAREHOLDERS**. The presence in person or by proxy of the holders of a majority of the shares entitled to vote constitutes a quorum for a meeting of the shareholders. Unless otherwise required by the Texas Business Organizations Code, the Certificate of Formation, or these Bylaws:

(a)      The affirmative vote of the holders of a majority of the shares represented at a meeting at which a quorum is present shall be the act of the shareholders.

(b)      The shareholders represented in person or by proxy at a meeting at which a quorum is present may conduct any business properly brought before the meeting until adjournment, and the subsequent withdrawal from the meeting of any shareholder or the refusal of any shareholder represented in person or by proxy to vote shall not affect the presence of a quorum at the meeting.

If a quorum is not present, the shareholders represented in person or by proxy may adjourn the meeting until a time and place determined by a vote of the holders of a majority of the shares represented in person or by proxy at that meeting. At such adjourned meeting at which the required number of voting shares shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally noticed.

**Section 2.06   CONDUCT OF MEETINGS**. The Board of Directors may adopt by resolution rules and regulations for the conduct of meetings of the shareholders as it shall deem appropriate. At every meeting of the shareholders, the President, or in his or her absence or inability to act, the Vice President, or, in his or her absence or inability to act, a director or officer designated by the Board of Directors, shall act as chairman of, and preside at, the meeting. The Secretary or, in his or her absence or inability to act, the person whom the chairman of the meeting shall appoint secretary of the meeting, shall act as secretary of the meeting and keep the minutes thereof.

**Section 2.07   VOTING OF SHARES.** Each outstanding share, regardless of class or series, shall be entitled to one vote on each matter submitted to a vote at a meeting of shareholders, except to the extent that the Certificate of Formation provides for more or less than one vote per share or limits or denies voting rights to the holders of the shares of any class or series. Unless

otherwise required by the Texas Business Organizations Code, the Certificate of Formation, or these Bylaws, any matter, other than the election of directors, brought before any meeting of shareholders at which a quorum is present shall be decided by the affirmative vote of the holders of the majority of shares present in person or represented by proxy at the meeting and entitled to vote on the matter.

Unless otherwise required by the Certificate of Formation, the election of directors shall be decided by a plurality of the votes cast by the holders of shares entitled to vote in the election at a meeting of the shareholders at which a quorum is present.

Shareholders are prohibited from cumulating their votes in any election of directors of the Corporation.

Any vote may be taken by voice or show of hands unless a shareholder entitled to vote, either in person or by proxy, objects, in which case written ballots shall be used.

**Section 2.08 WRITTEN CONSENT OF SHAREHOLDERS WITHOUT A MEETING.** Any action required by the Texas Business Organizations Code to be taken at any annual or special meeting of shareholders, or any action which may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice, and without a vote, if a consent or consents in writing, setting forth the action so taken, shall have been signed by the holder or holders of shares having not less than the minimum number of votes that would be necessary to take the action at a meeting at which holders of all shares entitled to vote on the action were present and voted. Prompt notice of the taking of any action by shareholders without a meeting by less than unanimous written consent shall be given to those shareholders who did not consent in writing to the action.

## ARTICLE III
## DIRECTORS

**Section 3.01 BOARD OF DIRECTORS.** The business and affairs of the Corporation shall be managed under the direction of the Board of Directors of the Corporation. Directors need not be residents of the State of Texas or shareholders of the Corporation.

**Section 3.02 NUMBER OF DIRECTORS.** The number of directors shall be four (4), provided that the number may be increased or decreased from time to time by an amendment to these Bylaws or by resolution adopted by the Board of Directors. No decrease in the number of Directors shall have the effect of shortening the term of any incumbent director.

**Section 3.03 TERM OF OFFICE.** At the first annual meeting of shareholders and at each annual meeting thereafter, the holders of shares entitled to vote in the election of directors shall elect directors, each of whom shall hold office until a successor is duly elected and qualified or until the director's earlier death, resignation, disqualification, or removal.

**Section 3.04 VACANCIES AND NEWLY CREATED DIRECTORSHIPS.** Any vacancy occurring in the Board of Directors may be filled by election at an annual or special meeting of shareholders called for that purpose, or may be filled by the affirmative vote of a

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**YESCARE-CHS-00000045**

majority of the remaining directors even when the majority of the remaining directors is less than a quorum of the total number of directors specified in the Certificate of Formation or the Bylaws. A director elected to fill a vacancy shall be elected for the unexpired term of his or her predecessor in office.

A directorship to be filled by reason of an increase in the number of directors may be filled by election at an annual or special meeting of shareholders called for that purpose, or may be filled by the Board of Directors for a term of office continuing only until the next election of one or more directors by the shareholders; provided that the Board of Directors may not fill more than two (2) directorships during the period between any two (2) successive annual meetings of shareholders.

**Section 3.05   REMOVAL.** Any director or the entire Board of Directors may be removed, with or without cause, by a vote of the holders of a majority of the shares then entitled to vote at an election of the director or directors, at any meeting of shareholders called expressly for that purpose.

**Section 3.06   RESIGNATION**. A director may resign by providing written notice to the Corporation. The resignation shall be effective upon the later of the date of receipt of the notice of resignation or the effective date specified in the notice. Acceptance of the resignation shall not be required to make the resignation effective.

**Section 3.07   REGULAR MEETINGS OF DIRECTORS.** A regular meeting of the newly-elected Board of Directors shall be held without other notice immediately following each annual meeting of shareholders, at which the board shall elect officers and transact any other business as shall come before the meeting. The board may designate a time and place for additional regular meetings, by resolution, without notice other than the resolution.

**Section 3.08   SPECIAL MEETINGS OF DIRECTORS.** The Chairman may call a special meeting of the Board of Directors at a time or place determined by the Chairman. The Chairman shall call a special meeting at the written request of two (2) or more directors.

**Section 3.09   NOTICE OF DIRECTORS' MEETINGS.** All special meetings of the Board of Directors shall be held upon not less than three (3) days' written notice stating the date, place, hour, and purpose of the meeting delivered to each director either personally or by mail. Notice of a regular or special meeting of the Board of Directors may be provided to a director by electronic transmission on consent of the director. The director may specify the form of electronic transmission to be used to communicate notice.

A written waiver of the required notice signed by a director entitled to the notice, before or after the meeting, is the equivalent of giving notice to the director who signs the waiver. A director's attendance at any meeting shall constitute a waiver of notice of the meeting, except where the directors attends a meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called or convened.

**Section 3.10   QUORUM AND ACTION BY DIRECTORS.** A majority of the number of directors shall constitute a quorum for the transaction of business. The act of the majority of the directors present at a meeting at which a quorum is present at the time of the act shall be the act of the Board of Directors, unless the act of a greater number is required by law, the Certificate of

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Formation, or these Bylaws. The directors at a meeting for which a quorum is not present may adjourn the meeting until a time and place as may be determined by a vote of the directors present at that meeting.

**Section 3.11   COMPENSATION.** Directors, as such, shall not receive any stated salary for their services, but by resolution of the Board of Directors a fixed sum and expenses of attendance, if any, may be allowed for attendance at any meeting of the Board of Directors or committee thereof. A director shall not be precluded from serving the Corporation in any other capacity and receiving compensation for services in that capacity.

**Section 3.12   ACTION BY DIRECTORS WITHOUT A MEETING.** Unless otherwise restricted by the Certificate of Formation or these Bylaws, any action required or permitted to be taken at a meeting of the Board of Directors or any committee may be taken without a meeting if all members of the Board of Directors or committee consent in writing or by electronic transmission and the writings or electronic transmissions are filed with the minutes of the proceedings of the Board of Directors.

## ARTICLE IV
## OFFICERS

**Section 4.01   POSITIONS AND ELECTION.** The officers of the Corporation shall be elected by the Board of Directors and shall be a President and a Secretary and any other officers, including assistant officers and agents, as may be deemed necessary by the Board of Directors. Any two (2) or more offices may be held by the same person.

Each officer shall serve until a successor is elected and qualified or until the earlier death, resignation, or removal of that officer. Vacancies or new offices shall be filled at the next regular or special meeting of the Board of Directors.

**Section 4.02   REMOVAL.** Any officer elected or appointed by the Board of Directors may be removed with or without cause by the affirmative vote of the majority of the Board of Directors. Removal shall be without prejudice to the contract rights, if any, of the officer so removed.

**Section 4.03   POWERS AND DUTIES OF OFFICERS.** The powers and duties of the officers of the Corporation shall be as provided from time to time by resolution of the Board of Directors or by direction of an officer authorized by the Board of Directors to prescribe the duties of other officers. In the absence of such resolution, the respective officers shall have the powers and shall discharge the duties customarily and usually held and performed by like officers of corporations similar in organization and business purposes to the Corporation, subject to the control of the Board of Directors.

**Section 4.04   AUTHORITY TO EXECUTE AGREEMENTS.** All agreements of the Corporation shall be executed on behalf of the Corporation by (a) the President or any Vice President, (b) such other officer or employee of the Corporation authorized in writing by the President, with such limitations or restrictions on such authority as the President deems appropriate or (c) such other person as may be authorized by the Board of Directors.

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                    YESCARE-CHS-00000047

## ARTICLE V
## SHARE CERTIFICATES AND TRANSFER

**Section 5.01   CERTIFICATES REPRESENTING SHARES NOT REQUIRED.**

The Corporation shall not be required to deliver certificates representing all shares to which shareholders are entitled, and any uncertificated shares may be evidenced by a book-entry system maintained by the registrar of the shares.

The Corporation shall, after the issuance or transfer of uncertificated shares, send to the registered owner of uncertificated shares a written notice containing the information required to be set forth or stated on certificates pursuant to the Texas Business Organizations Code. Except as otherwise expressly provided by law, the rights and obligations of the holders of uncertificated shares and the rights and obligations of the holders of certificates representing shares of the same class and series shall be identical. No share shall be issued until the consideration therefor, fixed as provided by law, has been fully paid.

**Section 5.02   TRANSFERS OF SHARES.** Shares of the Corporation shall be transferable in the manner prescribed by law and in these Bylaws. Transfers of shares shall be made on the books of the Corporation only by the holder of record thereof or by such other person as may under law be authorized to endorse such shares for transfer or by such shareholder's attorney lawfully constituted in writing. No transfer of shares shall be valid as against the Corporation for any purpose until it shall have been entered in the share transfer records of the Corporation by an entry showing from and to what person those shares were transferred.

**Section 5.03   REGISTERED SHAREHOLDERS.** The Corporation shall be entitled to treat the holder of record of any shares issued by the Corporation as the holder in fact thereof for all purposes, including voting those shares, receiving dividends or distributions thereon or notices in respect thereof, transferring those shares, exercising rights of dissent with respect to those shares, exercising or waiving any preemptive right with respect to those shares, entering into agreements with respect to those shares in accordance with Texas law, or giving proxies with respect to those shares.

Neither the Corporation nor any of its officers, directors, employees, or agents shall be liable for regarding that person as the owner of those shares at that time for those purposes, regardless of whether that person possesses a certificate for those shares, and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice of such claim or interest, except as otherwise provided by Texas law.

## ARTICLE VI
## INDEMNIFICATION

**Section 6.01   INDEMNIFICATION OF EXISTING AND FORMER DIRECTORS AND OFFICERS.** The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action or other proceeding (whether civil, criminal, administrative, arbitrative, or investigative), including any appeal thereof,

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

or any inquiry or investigation that could lead to such an action or proceeding (any of the foregoing to be referred to hereafter as a "**proceeding**") by reason of the fact that the person (1) is or was a director or officer of the Corporation; or (2) while a director of the Corporation, is or was serving at the request of the Corporation as a partner, director, officer, venturer, proprietor, trustee, employee, administrator, or agent of another entity, organization, or an employee benefit plan (each such person in (2) to be referred to hereafter as a "**delegate**" and, together with each such person in (1), a "**covered person**") to the fullest extent permitted by the Texas Business Organizations Code (as the same now exists or may hereafter be amended, substituted, or replaced, the "**BOC**"), but, if the BOC is amended, substituted, or replaced, only to the extent that such amendment, substitution, or replacement permits the Corporation to provide broader indemnification rights than the BOC permitted the Corporation to provide prior to such amendment, substitution, or replacement, against all judgments (including arbitration awards), court costs, penalties, settlements, fines, excise, and other similar taxes and reasonable attorneys' fees (all of the foregoing to be referred to hereafter as "**expenses**") actually incurred by the covered person in connection with such proceeding. The right to indemnification in this Section 6.01 shall continue as to a covered person who has ceased to be a director, officer, or delegate and shall inure to his or her heirs, executors, or administrators.

Section 6.02   **ADVANCEMENT OF EXPENSES.** The Corporation shall pay or reimburse reasonable expenses incurred by a covered person currently serving as a director, officer, or delegate of the Corporation who was or is a party or is threatened to be made a party to any proceeding in advance of the final disposition of the proceeding, without any determination as to the covered person's entitlement to indemnification, if the Corporation receives the following before any such advancement of expenses:

(a)   A written affirmation by the covered person of the covered person's good faith belief that he or she has met the standard of conduct necessary for indemnification under the BOC.

(b)   A written undertaking by or on behalf of the covered person to repay the amount so advanced if the final determination is that the covered person has not met the required standard of conduct set forth in the BOC or that indemnification is prohibited by the BOC.

Section 6.03   **INDEMNIFICATION OF AND ADVANCEMENT OF EXPENSES TO OTHER PERSONS.** Notwithstanding any other provision of this ARTICLE VI, the Corporation may indemnify and advance expenses to persons other than covered persons, including advisory directors, non-executive officers, employees, and agents of the Corporation, to the extent and in the manner provided by the BOC and these Bylaws.

Section 6.04   **INDEMNIFICATION RIGHTS NOT EXCLUSIVE.** The rights provided pursuant to this ARTICLE VI shall not be exclusive of any other rights to which a person may be entitled by applicable law, the Corporation's Certificate of Formation, action or resolution of the Corporation's shareholders or disinterested directors, or contract.

Section 6.05   **INSURANCE.** The Corporation may purchase and maintain insurance or another arrangement to indemnify any covered person against any liability asserted against and

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

incurred by the covered person in that capacity or arising out of the covered person's status in that capacity, regardless of whether the Corporation would have the power to indemnify the covered person against that liability under applicable law.

**Section 6.06   REPORTS OF INDEMNIFICATION AND ADVANCES.** No later than one (1) year from the date that the Corporation indemnifies or advances expenses to a director, it shall give a written report of such indemnification or advancement to the shareholders, which report must be made with or before the notice or waiver of notice of the next shareholders' meeting or the next submission to the shareholders of a written consent without a meeting.

**ARTICLE VII**
**MISCELLANEOUS**

**Section 7.01   SEAL.** The Corporation may adopt a corporate seal in a form approved by the Board of Directors. The Corporation shall not be required to use the corporate seal and the lack of the corporate seal shall not affect an otherwise valid contract or other instrument executed by the Corporation.

**Section 7.02   CHECKS, DRAFTS, ETC.** All checks, drafts, or other instruments for payment of money or notes of the Corporation shall be signed by an officer or officers or any other person or persons as shall be determined from time to time by resolution of the Board of Directors.

**Section 7.03   FISCAL YEAR.** The fiscal year of the Corporation shall be as determined by the Board of Directors.

**Section 7.04   INVALID PROVISIONS.** If any one or more of the provisions of these Bylaws, or the applicability of any provision to a specific situation, shall be held invalid or unenforceable, the provision shall be modified to the minimum extent necessary to make it or its application valid and enforceable, and the validity and enforceability of all other provisions of these Bylaws and all other applications of any provision shall not be affected thereby.

**Section 7.05   CONFLICT WITH APPLICABLE LAW OR CERTIFICATE OF FORMATION.** These Bylaws are adopted subject to any applicable law and the Certificate of Formation. Whenever these Bylaws may conflict with any applicable law or the Certificate of Formation, such conflict shall be resolved in favor of such law or the Certificate of Formation.

**ARTICLE VIII**
**AMENDMENT OF BYLAWS**

**Section 8.01   AMENDMENT OF BYLAWS.** The Board of Directors may amend, alter, change, and repeal these Bylaws or adopt new bylaws. The shareholders may make additional bylaws and may alter and repeal any bylaws whether such bylaws were originally adopted by them or otherwise.

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

## Exhibit B

## JOINDER AGREEMENT

[See attached.]

5

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                    YESCARE-CHS-00000051

## JOINDER AGREEMENT

This Joinder Agreement ("**Agreement**"), dated as of May 5, 2022 is entered into by and between Corizon Health, Inc., a Texas corporation ("**Corizon Health**") and CHS TX, Inc., a Texas corporation ("**CHS**").  Corizon Health and CHS are each a "**Party**" and together the "**Parties**".

WHEREAS, on May 2, 2022 Corizon Health, Valitás Health Services, Inc., a Texas corporation, Corizon, LLC, a Missouri limited liability company, and Corizon Health of New Jersey, LLC, a New Jersey limited liability company filed a Certificate of Combination Merger with the Secretary of State of Texas thereby effectuating a combination merger with Corizon Health as the sole surviving entity as of the date hereof;

WHEREAS, on the same date, Corizon Health filed a Certificate of Merger with the Secretary of State of Texas pursuant to an Agreement and Plan of Divisional Merger (the "**Plan of Merger**") of equal date thereby effectuating a divisional merger as contemplated in a Plan of Merger (the "**Merger**") as of the date hereof;

WHEREAS, as a result of the Merger, CHS was formed and Corizon Health survived and continued in existence as a Texas corporation as of the date hereof;

WHEREAS, as a result of the Merger and pursuant to the Plan of Merger, the assets and liabilities of Corizon Health were allocated and vested between itself and CHS;

NOW THEREFORE, the Parties hereby agree as follows:

1. **Joinder**.   Corizon Health and CHS each hereby irrevocably, absolutely, and unconditionally agree to become a party to the Plan of Merger and agree to be bound by all the terms, conditions, covenants, obligations, liabilities, and undertakings contained therein.

2. **Affirmations**.  The Parties represent and warrant that (a) they have the corporate power and authority to authorize the execution, delivery and performance of this Agreement, (b) no third party consent or authorization is required in connection with the Plan of Merger or this Agreement and (c) this Agreement constitutes a legal, valid and binding obligation of the Parties.

3. **Counterparts**.  This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute a single contract.

4. **Governing Law**.  This Agreement and any claim, controversy, dispute or cause of action based upon, arising out of or relating to this Agreement shall be governed by and construed in accordance with the laws of the state of Texas. Any disputes arising under or related to the Agreement, or any legal proceeding seeking to enforce any provision of this Agreement or the Plan of Merger, may be brought exclusively in the federal or state courts of Texas.

5. **Amendments.**  This Agreement may only be amended or supplemented, in each case, by a writing executed by CHS and Corizon Health.

[*Signatures Appear on Following Page*]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                    **YESCARE-CHS-00000052**

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first written above.


**CORIZON HEALTH, INC.**


By: _____
Name: Isaac Lefkowitz
Title:


**CHS TX, INC.**


By: _____
Name: Sara Tirschwell
Title: Chief Executive Officer


[Signature Page to Joinder Agreement]

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first written above.

**CORIZON HEALTH, INC.**

By: _____
Name: Isaac Lefkowitz
Title:

**CHS TX, INC.**

By: _____
Name: Sara Tirschwell
Title: Chief Executive Officer

[Signature Page to Joinder Agreement]

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 34

**From:** Bell, Dana <Dana.Bell@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 9:25 AM CDT
**To:** De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>; Silva, Mary <Mary.Silva@Yescarecorp.com>
**CC:** Tirschwell, Sara <Sara.Tirschwell@Yescarecorp.com>; Tomlin, Steve <Steve.Tomlin@Yescarecorp.com>
**Subject:** RE: YesCare Announcement
**Attachment(s):** "YesCare Client Email_Final.docx","YesCare Client QA_Final.docx"

Brandon,

Attached is the email draft to send clients as well as a Q&A for clients. It is recommended to have a verbal conversation with the client followed up with the email. However, if we are unable to reach the client before 1 pm Eastern then the email can be sent.

Thoughts on keeping a list or a log of who we have spoken to and who spoke to them? Maybe staff should cc or bcc you or Mary on the email when they send it so we have record?

Please let us know if you have any questions.

Dana

---

**From:** De Julius, Brandon <Brandon.DeJulius@corizonhealth.com>
**Sent:** Thursday, May 12, 2022 4:59 PM
**To:** Bell, Dana <Dana.Bell@corizonhealth.com>; Silva, Mary <Mary.Silva@corizonhealth.com>
**Cc:** Tirschwell, Sara <Sara.Tirschwell@corizonhealth.com>; Tomlin, Steve <Steve.Tomlin@corizonhealth.com>
**Subject:** Re: YesCare Announcement

Great. We will get the Q&A out as soon as it is released with instructions for the VPOs.

I would also suggest Carla and Drew have something to send out to all vendors/contractors.

Thanks,
Brandon

**Brandon E. De Julius, MBA, CCHP-A, SHRM-SCP, FACHE, FHFMA**

EVP & Chief Administrative Officer

Mobile: **856-904-3755** | eFax: **629-333-7383**

**Corizon Health**

103 Powell Court | Brentwood, TN 37027

brandon.dejulius@corizonhealth.com



Sr. Executive Assistant: Martha Stanley

Phone: 615-660-6929

E-mail: martha.stanley@corizonhealth.com

*This communication is considered Patient Safety Work Product by Corizon Health. Therefore, the information contained herein is confidential and privileged under the Federal Patient Safety and Quality Improvement Act and applicable state peer review laws. If you are not the intended recipient, any disclosure, copying, distribution or use is prohibited. If you have received this email in error, please notify the sender by replying to this email, then deleting it and the reply from your mailbox.*

---

**From:** Bell, Dana <Dana.Bell@corizonhealth.com>
**Sent:** Thursday, May 12, 2022 4:07 PM
**To:** De Julius, Brandon <Brandon.DeJulius@corizonhealth.com>; Silva, Mary <Mary.Silva@corizonhealth.com>
**Cc:** Tirschwell, Sara <Sara.Tirschwell@corizonhealth.com>; Tomlin, Steve <Steve.Tomlin@corizonhealth.com>
**Subject:** YesCare Announcement

Good afternoon,

We are going live with the YesCare announcement on Friday, 5/13 to staff and clients with a formal press release on Monday, 5/16. Sara will host a town hall meeting on 5/13 at 2:30 pm EDT for all employees. We will need to communicate the YesCare information to our clients ahead of the town hall. Each VPO or whomever has the best relationship with the client should communicate the information. We will distribute a client Q&A shortly for site leadership to use as a guide as well as an email draft that should be sent

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

by regional leadership, or whomever you decide, on behalf of Sara. It should not come from Sara directly in case the number of replies from clients becomes burdensome. This will protect Sara from inadvertently being deemed non-responsive.

Attached is a list of client contacts – I am missing MD details, but I am confident Tasha has them!

I will forward the Q&A and client email draft as soon as I have the revised copies from the PR firm.

Please let Sara, Steve or me know if you have any questions or concerns.

Dana

**Dana Bell**
Chief of Staff
**Phone:** 318-426-8264
www.corizonhealth.com



Facebook | Twitter | YouTube | LinkedIn
**S**afety, **M**otivation, **A**ccountability, **R**espect, **T**eamwork

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                    **YESCARE-CHS-00000485**

# EXHIBIT 35

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

# EXHIBIT 36

- 
  - 

- 
  - 

- 
  - 

  - 

- 
  - 

- 
  - 

  - 

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**          **YESCARE-CHS-00000463**

# EXHIBIT 37

**From:** Davies, Karen <Karen.Davies@Yescarecorp.com>
**Sent:** Monday, May 16, 2022 8:28 PM CDT
**To:** Eric Esmond <eesmond@myokaloosa.com>
**CC:** Silva, Mary <Mary.Silva@Yescarecorp.com>; De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>; Mangarella, Paula <Paula.Mangarella@Yescarecorp.com>
**Subject:** Re: [EXTERNAL] RE: YesCare Announcement

Chief,

Hope you are doing well. I will be coming out for a visit soon. Thank you for your kind words and support.  Having a great partner like you will certainly help our growth efforts in Florida.

Karen

**Karen Davies, RN, BSN, CCHP**
Senior Vice President, Community Operations

null

Phone: 954.649.3043
e-Fax: 615.760.8800
103 Powell Court | Brentwood, TN 37027
www.corizonhealth.com

Facebook | Twitter | YouTube | LinkedIn
**S**afety, **M**otivation, **A**ccountability, **R**espect, **T**eamwork

Administrative Assistant:  Melissa Wardell
Phone: 941-708-6799

On May 16, 2022, at 16:41, Eric Esmond <eesmond@myokaloosa.com> wrote:

**This Message has originated outside of your organization.**

Hi Karen Et al. I hope you are your team(s) are well.

Thank you for providing information on the official transition. This is probably an exciting time for the entire organization. As long as you keep hiring excellent employees akin to those on my site, the future is bright.

In the meantime, best of luck. By the way, Manatee County reached out regarding an upcoming Medical RFP. I provided a well-deserved, glowing recommendation.

Eric

**C. Eric Esmond, MS**
**Corrections Director|Chief Correctional Officer**
**Department of Corrections (Jail)**
**Okaloosa Board of County Commissioners**
**Office: (850) 689-5685**
**Cellular: (850) 826-1708**

  

Please note: Due to Florida's very broad public records laws, most written communications to or from County employees regarding County business are public records, available to the public and media upon request.  Therefore, this written e-mail communication, including your e-mail address, may be subject to public disclosure.

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                    **YESCARE-CHS-00000479**

**From:** Davies, Karen <Karen.Davies@corizonhealth.com>
**Sent:** Friday, May 13, 2022 11:33 AM
**To:** Eric Esmond <eesmond@myokaloosa.com>; Eric Esmond <eesmond@myokaloosa.com>
**Cc:** Silva, Mary <Mary.Silva@corizonhealth.com>; De Julius, Brandon <Brandon.DeJulius@corizonhealth.com>; Mangarella, Paula <Paula.Mangarella@corizonhealth.com>
**Subject:** YesCare Announcement

Chief Esmond,
I am sorry I wasn't able to reach you via phone, but I do want to share the exciting news about our new name, <mark>YesCare</mark>. Below is the announcement from our CEO, Sara Tirschwell as well as a list of questions and answers. As always, if you have any questions don't hesitate to reach out to me.  Many thanks.


<< File: YesCare Client QA_Final.docx >>

**YesCare Announcement – Client Email:**

*Subject Line: Excited to Announce that Corizon Health is now YesCare*

Good Afternoon,

I wanted to make you aware of some exciting news at Corizon Health. Monday morning, we will be announcing that the dedicated employees of Corizon Health have teamed up with a healthcare conglomerate to create YesCare, launching our new vision for correctional healthcare nationwide and announcing C-suite leadership to drive the company's next chapter as a leading correctional healthcare company. In the immediate term, this will not impact our service to you in any way but, longer term, we believe it will elevate care and improve the lives of the people we serve. You have probably already seen how our competitive advantage in staffing benefits you.

YesCare's mission is to bring a more compassionate model of care, in partnership with clients like you, to our correctional patients across the country. This means investing in high priority areas that include women's health, behavioral health, and programming for suicide prevention and addiction treatment, inclusive of expanded reentry and community partnerships. To do this, we are facilitating a culture where we empower employees with the resources they need, one that encourages collaboration and learning, with a focus on integrated, inter-disciplinary care and one that moves the care model forward toward recovery and rehabilitation.

I am proud to share this vision with you as we take important steps toward being the standard for exceptional care in corrections. I look forward to our continued partnership in the critical work we do together. It has been an honor to serve you and all the patients at your facility. Please join us in our excitement for this next stage of innovative and compassionate care, under the YesCare name. I invite you to visit our new website at www.yescarecorp.com .

Thank you,



Sara Tirschwell

Chief Executive Officer, YesCare

<< OLE Object: Picture (Device Independent Bitmap) >>

**Karen Davies, RN, BSN, CCHP**
Senior Vice President, Community Operations

<< OLE Object: Picture (Device Independent Bitmap) >>

Phone: 954.649.3043
e-Fax: 615.760.8800
103 Powell Court|Brentwood, TN  37027
www.corizonhealth.com


Facebook | Twitter | YouTube | LinkedIn
**S**afety, **M**otivation, **A**ccountability, **R**espect, **T**eamwork

Administrative Assistant:  Melissa Wardell
Phone: 941-708-6799


<mark>**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.</mark>

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                                  **YESCARE-CHS-00000480**

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**YESCARE-CHS-00000481**

# EXHIBIT 38

**From:** Phillips, Vandelyn <Vandelyn.Phillips@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 2:59 PM CDT
**To:** Bruce Herdman <bruce.herdman@prisons.phila.gov>
**CC:** Silva, Mary <Mary.Silva@Yescarecorp.com>; De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>
**Subject:** Fw: TIME SENSITIVE/ACTION REQUIRED - Client Communication Re: YesCare Rebranding
**Attachment(s):** "YesCare Client QA_Final.docx"

Good afternoon Bruce,

As discussed we are excited to announce our rebranding please find attached our Client Q&A  please don't hesitate to let me know if you need any additional information. Have a great weekend.

Thank you
**Vandelyn Phillips, RN, BSN, CCHP**
Vice President of Operations

Phone: **215-335-1667**
Cell: 215-817-2712
Fax: 215-335-5028



8001 State Road | Philadelphia, PA 19136
www.corizonhealth.com

**S**afety **M**otivation **A**ccountability **R**espect **T**eamwork
*This communication is considered Patient Safety Work Product by Corizon Health.  Therefore, the information contained herein is confidential and privileged under the Federal Patient Safety and Quality Improvement Act and applicable state peer review laws.  If you are not the intended recipient, any disclosure, copying, distribution or use is prohibited.  If you have received this email in error, please notify the sender by replying to this email, then deleting it and the reply from your mailbox.*

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                                                      **YESCARE-CHS-00000440**

# EXHIBIT 39

**From:** O'Neal, Maria <Maria.O'Neal@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 1:23 PM CDT
**To:** De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>; Silva, Mary <Mary.Silva@Yescarecorp.com>; Duran, Jason <Jason.Duran@Yescarecorp.com>
**Subject:** Fwd: Excited to Announce that Corizon Health is now YesCare
**Attachment(s):** "image003.png","YesCare Client Email_Final.docx","YesCare Client QA_Final.docx"

Dona Ana is complete.


Thank you Jason.

Maria D. O'Neal, MHA CCHP
VP of Operations
Corizon Health
Office 678-252-8153



Begin forwarded message:


> **From:** "Duran, Jason" <Jason.Duran@corizonhealth.com>
> **Date:** May 13, 2022 at 2:19:38 PM EDT
> **To:** "Bryan Baker (bryanb@donaanacounty.org)" <bryanb@donaanacounty.org>, Fernandom@donaanacounty.org
> **Cc:** "O'Neal, Maria" <Maria.O'Neal@corizonhealth.com>, "Duran, Jason" <Jason.Duran@corizonhealth.com>
> **Subject: Excited to Announce that Corizon Health is now YesCare**


Good afternoon Mr. Macias and Director Baker,

We are excited to share our announcement of our new company name YesCare.  Please find attached letter from our CEO and Q&A.

Please share with the rest of our Dona Ana County family.

If you have any further questions do not hesitate to give me or Jason and we will be more than happy to answer any questions.

We truly appreciate you and your support!

Regards,

Maria D. O'Neal, MHA CCHP
VP of Operations
Corizon Health aka YesCare
Office 678-252-8153


**Jason J. Duran, BSN, RN**
Regional Vice President – Mid West
Las Cruces, NM 88007
**Phone:** 575.202.6125
**E-Mail:** jason.duran@corizonhealth.com
www.corizonhealth.com


*Corizon Health Inc. hereby provides notice to you that all relevant laws concerning the privacy of these medical records need to be complied with, including but not limited to the requirements imposed by the Health Insurance Portability & Accountability Act (HIPAA): and applicable federal regulations concerning that law.  It is the understanding of Corizon Health that the recipients of this electronic transmission will comply with these requirements of the law and this summary being provided to you pursuant to that assumption. If you are not the intended e-mail recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this email in error, please notify the sender by replying to this e-mail and deleting it, and the reply from your mailbox.*

# EXHIBIT 40

**From:** O'Neal, Maria <Maria.O'Neal@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 1:04 PM CDT
**To:** Rosanne Otero <rotero@bernco.gov>; Greg Richardson <grichardson@bernco.gov>
**CC:** Davies, Karen <Karen.Davies@Yescarecorp.com>; De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>; Silva, Mary <Mary.Silva@Yescarecorp.com>
**Subject:** Fwd: TIME SENSITIVE/Corizon health Rebranding to YesCare
**Attachment(s):** "YesCare Client Email_Final.docx","YesCare Client QA_Final.docx"

Good afternoon Chief Richardson and Director Otero,

Per my voicemail, we are excited to share our announcement of our new company name YesCare.  Please find attached letter from our CEO and Q&A.

Please share with the rest of our Bernalillo family.

If you have any further questions do not hesitate to give me or Karen a cal and we l be more than happy to answer any questions.

We truly appreciate you and your support!

Regards,

Maria D. O'Neal, MHA CCHP
VP of Operations
Corizon Health aka YesCare
Office 678-252-8153

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                                                                              **YESCARE-CHS-00000458**

# EXHIBIT 41

**From:** O'Neal, Maria <Maria.O'Neal@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 1:10 PM CDT
**To:** Jennifer Clemons-Abdullah <clemons-abdullahj@stlouis-mo.gov>
**CC:** Davies, Karen <Karen.Davies@Yescarecorp.com>; Silva, Mary <Mary.Silva@Yescarecorp.com>; De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>; Duran, Jason <Jason.Duran@Yescarecorp.com>
**Subject:** Fwd: TIME SENSITIVE/Corizon health Rebranding to YesCare
**Attachment(s):** "YesCare Client Email_Final.docx","YesCare Client QA_Final.docx"


Good afternoon Commissioner,

Per my voicemail, we are excited to share our announcement of our new company name YesCare.  Please find attached letter from our CEO and Q&A.

Please share with the rest of our St Louis family.

If you have any further questions do not hesitate to give me or Karen a cal and we l be more than happy to answer any questions.

We truly appreciate you and your support!

Regards,

Maria D. O'Neal, MHA CCHP
VP of Operations
Corizon Health aka YesCare
Office 678-252-8153

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

# EXHIBIT 42

**From:** O'Neal, Maria <Maria.O'Neal@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 1:09 PM CDT
**To:** Major Timothy Phelps <tim.phelps@snco.us>; Director Brian Cole <brian.cole@snco.us>
**CC:** De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>; Silva, Mary <Mary.Silva@Yescarecorp.com>
**Subject:** Fwd: TIME SENSITIVE/Corizon health Rebranding to YesCare
**Attachment(s):** "YesCare Client Email_Final.docx","YesCare Client QA_Final.docx"


Good afternoon Major Phelps and Director Cole

As you are very well by now that COrizon was in the process of rebranding.   We are excited to share its official now.  Effective today, we are announcing our new company name YesCare.  Please find attached letter from our CEO and Q&A.

Please share with the rest of our Shawnee  family.

If you have any further questions do not hesitate to give me or Karen a cal and we l be more than happy to answer any questions.

We truly appreciate you and your support!

Regards,

Maria D. O'Neal, MHA CCHP
VP of Operations
Corizon Health aka YesCare
Office 678-252-8153

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**     **YESCARE-CHS-00000467**

# EXHIBIT 43

**From:** O'Neal, Maria <Maria.O'Neal@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 1:16 PM CDT
**To:** Director Lisa Farmer <lfarmer@lexingtonky.gov>; Major Tina Strange <tstrange@lexingtonky.gov>;
ccesariomc@gmail.com <ccesariomc@gmail.com>
**CC:** De Julius, Brandon <Brandon.DeJulius@Yescarecorp.com>; Silva, Mary <Mary.Silva@Yescarecorp.com>; Duran,
Jason <Jason.Duran@Yescarecorp.com>
**Subject:** Fwd: TIME SENSITIVE/Corizon health Rebranding to YesCare
**Attachment(s):** "YesCare Client Email_Final.docx","YesCare Client QA_Final.docx"

Good afternoon Director Farmer and Major Strange,

It was so nice seeing you today.  As I shard with you during the MAC meeting, we are excited to
share our announcement of our new company name YesCare.  Please find attached letter from our
CEO and Q&A.

Please share with the rest of our Lexington family.

If you have any further questions do not hesitate to give me a call  and I would be more than happy to
answer any questions.

We truly appreciate you and your support!

Regards,

Maria D. O'Neal, MHA CCHP
VP of Operations
Corizon Health aka YesCare
Office 678-252-8153

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                                          **YESCARE-CHS-00000470**

# EXHIBIT 44

**From:** Mckinnon, Lawanda <Lawanda.Mckinnon@Yescarecorp.com>
**Sent:** Friday, May 13, 2022 2:21 PM CDT
**To:** _Rest - Company All <RL_CompanyAll@yescarecorp.com>
**CC:** Tirschwell, Sara <Sara.Tirschwell@Yescarecorp.com>; Bell, Dana <Dana.Bell@Yescarecorp.com>
**Subject:** YesCare All Employee Announcement | Sent On behalf of Sara Tirschwell, Chief Executive Officer
**Attachment(s):** "YesCare All Employee Announcement.pdf","YesCare Employee QA_Final.pdf"

***Sent on behalf of Sara Tirschwell, Chief Executive Officer:***



Good afternoon All,

I wanted to share some exciting news with all of you before we announce it publicly on Monday morning. As of Monday, May 16, our dedicated team at Corizon Health will become YesCare, and we will officially debut our company's vision for the future of correctional healthcare nationwide.

YesCare's mission is to bring the best quality and most compassionate care to our more than 50,000 correctional patients across the country. We will invest in an expanded roster of programming designed to help prepare citizens for success upon reentry, from expanded wellness to behavioral health, addiction treatment, suicide prevention and women's health education.

YesCare will be an industry disruptor, one that prioritizes the critical perspectives of our medical and operational experts to solve for better risk-adjusted patient and society outcomes. Achieving this vision of our future will not be possible without the best team in the business, which is why I'm thrilled to announce several newly promoted staff who will join me on the senior management team to help lead YesCare in its next chapter, including:

- **Dana Bell, Chief of Staff,** serves as a client advocate and provides strategic and administrative support to the CEO. She also coordinates new business development and contract retention for the company's clients nationwide. She is actively involved in strategic sales planning, proposal development, pro forma development, and ongoing client satisfaction. Bell brings over 15 years of corrections industry experience.
- **Brandon De Julius, Chief Administrative Officer,** oversees operations and implements YesCare strategies to meet client needs. De Julius has been with YesCare for over 12 years, based in Philadelphia where he previously served as Vice President for the company's contract with the Philadelphia Department of Prisons.
- **Regina Lindsay, Senior Vice President of Human Resources,** leads all YesCare Human Resources functions including talent management, recruiting, compensation and benefits, employee engagement, HR operations, labor relations and a commitment to promote a culture of continuous growth and development in the business. Lindsay has spent more than 15 years in various organizations providing strategic HR guidance to senior leaders.
- **Michael Middleton, Chief Information Officer,** is responsible for the organization's overall information technology strategy, initiatives, and associated operations. He brings over 20 years of IT experience in a variety of roles working largely with state organizations.
- **Leonora Muhammad, DNP, APRN, Chief Nursing Executive,** heads patient care provided by all site, regional and corporate nursing teams. Dr. Muhammad evaluates patient services processes across the organization for quality, cost effectiveness, efficiency, and regulatory compliance.
- **Michael Murphy, SVP of State Client Relations and Business Development,** builds, maintains and strengthens relationships with YesCare's State partners to achieve client goals and identifies opportunities for future growth. Murphy joined YesCare after more than 35 years in the corrections industry.
- **Mary Silva, BSN, RN, Chief Clinical Officer,** develops and executes clinical strategies that prioritize staffing, safety and effectiveness. She has over 25 years of correctional healthcare administration and nursing experience.
- **Bruce Teal, SVP of Community Client Relations and Business Development,** builds, maintains and strengthens relationships with YesCare's city and county partners to achieve client goals and identifies opportunities for future growth. Teal joined YesCare after more than 25 years in the corrections industry.
- **Steve Tomlin, SVP of Reentry and Community Partnerships,** oversees reentry, behavioral health programs, and community partnerships. Tomlin has 30 years' experience in facility management, hands-on operations, behavioral health, and quality control.
- **Dr. Anthony Waters, PsyD, Chief of Behavioral Health,** coordinates, and heads behavioral health services. Dr. Waters has over 14 years of experience in correctional behavioral health.

It's the hard work and commitment of every one of you that has brought us to this moment. It's been an honor to get to know many of you over the last few months and see the great work you have done for our patients. I'm excited for our next stage of curated and quality care, under the YesCare name.

Thank you for your service on behalf of our patients across the country. I could not be more excited to continue working with all of you to make the YesCare vision a reality. I invite you to visit our new website at [www.yescarecorp.com](http://www.yescarecorp.com) .

Sara Tirschwell

Chief Executive Officer, YesCare

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                        **YESCARE-CHS-00000489**

205 Powell Place, Suite 104, Brentwood, TN 37027
YesCareCorp.com

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**YESCARE-CHS-00000490**

# EXHIBIT 45

- 
  - 
  - 

- 
  - 
  - 
  - 
  - 

- 
  - 
  - 
  - 

- 
  - 
  - 
  - 

- 
  - 
  - 

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**    **YESCARE-CHS-00000493**

- ■

- ■

- ■

- ■

- ■

- ■

- ■

- ■

- ■

- ■

- ●
  - ○

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                    **YESCARE-CHS-00000494**

- 
  - 
- 
  - 

- 
  - 

- 
  - 

- 
  - 

  - 

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                                    **YESCARE-CHS-00000495**

# EXHIBIT 47

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

John B. Scott
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF MERGER

The undersigned, as Secretary of State of Texas, hereby certifies that a filing instrument merging

Corizon Health, Inc.
Domestic For-Profit Corporation
[File Number: 804544749]

and Creating

CHS TX, Inc.
Domestic For-Profit Corporation
[File Number: 804552857]

has been received in this office and has been found to conform to law.

Accordingly, the undersigned, as Secretary of State, and by the virtue of the authority vested in the secretary by law, hereby issues this certificate evidencing the acceptance and filing of the merger on the date shown below.

Dated: 05/03/2022

Effective: Condition



John B. Scott
Secretary of State

*Come visit us on the internet at https://www.sos.texas.gov/*

Phone: (512) 463-5555          Fax: (512) 463-5709          Dial: 7-1-1 for Relay Services
Prepared by: Lisa Sartin          TID: ████          Document: 1145642570002

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**          **YESCARE-CHS-00000025**



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

John B. Scott
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF FILING
## OF

## CHS TX, Inc.
File Number: 804552857

The undersigned, as Secretary of State of Texas, hereby certifies that a Certificate of Formation for the above named Domestic For-Profit Corporation has been received in this office and has been found to conform to the applicable provisions of law.

ACCORDINGLY, the undersigned, as Secretary of State, and by virtue of the authority vested in the secretary by law, hereby issues this certificate evidencing filing effective on the date shown below.

The issuance of this certificate does not authorize the use of a name in this state in violation of the rights of another under the federal Trademark Act of 1946, the Texas trademark law, the Assumed Business or Professional Name Act, or the common law.

Dated: 05/03/2022

Effective: Condition



John B. Scott
Secretary of State

*Come visit us on the internet at https://www.sos.texas.gov/*

Phone: (512) 463-5555
Prepared by: Lisa Sartin

Fax: (512) 463-5709
TID: ████

Dial: 7-1-1 for Relay Services
Document: 1145656890001

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

YESCARE-CHS-00000026

| | | |
|---|---|---|
| **Form 621**<br>**(Revised 12/15)**<br>Return in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512 463-5709<br>**Filing Fee: see instructions** | <br>**Certificate of Merger**<br>**Domestic Entity**<br>**Divisional Merger**<br>**Business Organizations Code** | This space reserved for office use.<br>F I L E D<br>In the Office of the<br>Secretary of State of Texas<br>**MAY 03 2021**<br>**Corporations Section** |

## Merging Entity Information

Pursuant to chapter 10 of the Texas Business Organizations Code, and the title applicable to the filing entity, the undersigned submits this certificate of merger to divide itself into two or more new domestic entities or other organizations or divide itself into a surviving domestic entity and one or more new domestic or foreign entities or non-code organizations.

The name of the domestic filing entity that is dividing itself is:

Corizon Health, Inc.

Its principal place of business is:   205 Powell Place, Suite 104   Brentwood   TN
*Address*   *City*   *State*

The file number issued to the filing entity by the secretary of state is:   804544749

The entity is organized as a   For-Profit Corporation
*(Provide organizational form of domestic entity; e.g., for-profit corporation, limited partnership, etc.)*

☒ The filing entity will survive the merger.   ☐ The filing entity will not survive the merger.

☐ The plan of merger amends the name of the merging entity. The new name is set forth below.

*Name as Amended*

## Plan of Merger

☐ The plan of merger is attached.

*If the plan of merger is not attached, the following statements must be completed.*

### Alternative Statements

Instead of providing the plan of merger, the domestic filing entity certifies that:

1. A plan of merger is on file at the principal place of business of each surviving, acquiring, or new domestic entity or non-code organization provided in this form.

2. On written request, a copy of the plan of merger will be furnished without cost by each surviving, acquiring, or new domestic entity or non-code organization to any owner or member of any domestic entity that is a party to or created by the plan of merger.

*Item 3A is the default selection. If the merger effected an amendment to, a restatement of, or an amendment and restatement of the certificate of formation of a surviving filing entity, you must select and complete one of the options shown below. Options 3B and 3C require the submission of the described attachment.*

3A.  No amendments to the certificate of formation are being effected by the merger.

3B. ☐ No amendments to the certificate of formation are being effected by the merger or by the

Form 621   1

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER   YESCARE-CHS-00000027

restated certificate of formation, which is attached to the certificate of merger.

3C. ☐ The plan of merger effected an amendment and restatement of the certificate of formation of the surviving filing entity. The amendments being made are set forth in the attached restated certificate of formation containing amendments.

3D. ☐ The plan of merger effected changes or amendments to the filing entity's certificate of formation. The changes or amendments to the filing entity's certificate of formation, other than the name change noted previously, are stated below.

*Amendment Text Area*

## 4. Organizations Created by Merger:

The name, jurisdiction of organization, principal place of business address, and entity description of each entity or other organization to be created pursuant to the plan of merger are set forth below. The certificate of formation of each new domestic filing entity to be created is being filed with this certificate of merger.

| CHS TX, Inc. | TX | For-Profit Corporation |
|---|---|---|
| *Name of New Organization 1* | *Jurisdiction* | *Entity Type (See instructions)* |
| 205 Powell Place, Suite 104 | Brentwood | TN   37027 |
| *Principal Place of Business Address* | *City* | *State*   *Zip Code* |
| | | |
| *Name of New Organization 2* | *Jurisdiction* | *Entity Type (See instructions)* |
| | | |
| *Principal Place of Business Address* | *City* | *State*   *Zip Code* |
| | | |
| *Name of New Organization 3* | *Jurisdiction* | *Entity Type (See instructions)* |
| | | |
| *Principal Place of Business Address* | *City* | *State*   *Zip* |

### Approval of the Plan of Merger

The plan of merger has been approved as required by the laws of the jurisdiction of formation and by the governing documents of the merging filing entity.

### Effectiveness of Filing (Select either A, B, or C.)

A. ☐ This document becomes effective when the document is accepted and filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

Form 621                                                    2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                   YESCARE-CHS-00000028

C. ☒ This document takes effect on the occurrence of the future event or fact, other than the passage of time.  The 90ᵗʰ day after the date of signing is:  __July 31, 2022__

The following event or fact will cause the document to take effect in the manner described below:

*Text Area*

> This Certificate of Merger shall take effect immediately following the effective time of the Form 622 Certificate of Merger filed with the Texas Secretary of State, which effectuates a merger among Corizon Health, Inc., Valitás Health Services, Inc., Corizon Health of New Jersey, LLC and Corizon, LLC.

## Tax Certificate

☐ Attached hereto is a certificate from the comptroller of public accounts that all taxes under title 2, Tax Code, have been paid by the non-surviving filing entity.

☒ Instead of providing the tax certificate, one or more of the newly created organizations will be liable for the payment of the required franchise taxes.

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument. The undersigned certifies that the statements contained herein are true and correct, and that the person signing is authorized under the provisions of the Business Organizations Code to execute the filing instrument.

Date:    __May 2, 2022__

_____

J Scott. King

_____
Signature and title of authorized person on behalf of the merging filing entity

Form 621                                    3

[Corizon Health Inc. - Certificate of Divisional Merger]

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    YESCARE-CHS-00000029

| | | |
|---|---|---|
| **Form 201**<br>**(Revised 12/21)**<br><br>Submit in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br><br>**Filing Fee: $300** | <br><br>**Certificate of Formation**<br>**For-Profit Corporation** | This space reserved for office use.<br><br>F I L E D<br>In the Office of the<br>Secretary of State of Texas<br><br>MAY 03 2021<br><br>Corporations Section |

## Article 1 – Entity Name and Type

The filing entity being formed is a for-profit corporation.  The name of the entity is:

CHS TX, Inc.

The name must contain the word "corporation," "company," "incorporated," "limited" or an abbreviation of one of these terms.

## Article 2 – Registered Agent and Registered Office
### (See instructions. Select and complete either A or B and complete C.)

☒ A.  The initial registered agent is an organization (cannot be entity named above) **by the name of:**

C T Corporation System

OR

☐ B.  The initial registered agent is an individual resident of the state whose name is set forth below:

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|

C.  The business address of the registered agent and the registered office address is:

| 1999 Bryan Street, Suite 900 | Dallas | TX | 75201 |
|---|---|---|---|
| *Street Address* | *City* | *State* | *Zip Code* |

## Article 3 – Directors
### (A minimum of 1 director is required.)

The number of directors constituting the initial board of directors and the names and addresses of the person or persons who are to serve as directors until the first annual meeting of shareholders or until their successors are elected and qualified are as follows:

| Director 1 | | | | | |
|---|---|---|---|---|---|
| Sara | | Tirschwell | | | |
| *First Name* | *M.I.* | *Last Name* | | | *Suffix* |
| 205 Powell Place, Suite 104 | Brentwood | | TN | 37027 | US |
| *Street or Mailing Address* | *City* | | *State* | *Zip Code* | *Country* |

Form 201                                                          1

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

| Director 2 | | | | | |
|---|---|---|---|---|---|
| Scott | | King | | | |
| *First Name* | *M.I.* | *Last Name* | | | *Suffix* |
| 205 Powell Place, Suite 104 | Brentwood | | TN | 37027 | US |
| *Street or Mailing Address* | *City* | | *State* | *Zip Code* | *Country* |

| Director 3 | | | | | |
|---|---|---|---|---|---|
| Jeff | | Sholey | | | |
| *First Name* | *M.I.* | *Last Name* | | | *Suffix* |
| 205 Powell Place, Suite 104 | Brentwood | | TN | 37027 | US |
| *Street or Mailing Address* | *City* | | *State* | *Zip Code* | *Country* |

## Article 4 – Authorized Shares

(Provide the number of shares in the space below, then select option A or option B, do not select both.)

The total number of shares the corporation is authorized to issue is: 15,000

☒ A. The par value of each of the authorized shares is: $0.001

**OR**

☐ B. The shares shall have no par value.

If the shares are to be divided into classes, you must set forth the designation of each class, the number of shares of each class, the par value (or statement of no par value), and the preferences, limitations, and relative rights of each class in the space provided for supplemental information on this form.

## Article 5 – Purpose

The purpose for which the corporation is formed is for the transaction of any and all lawful business for which a for-profit corporation may be organized under the Texas Business Organizations Code.

## Initial Mailing Address

(Provide the mailing address to which state franchise tax correspondence should be sent.)

| 205 Powell Place, Suite 104 | Brentwood | TN | 37027 | US |
|---|---|---|---|---|
| *Mailing Address* | *City* | *State* | *Zip Code* | *Country* |

## Supplemental Provisions/Information

The following supplements shall apply to this Certificate of Formation:

Form 201           2

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**YESCARE-CHS-00000031**

Supplement to Article 1:

As required by Section 3.005 of the Texas Business Organizations Code, CHS TX, Inc. is being formed under a plan of merger of Corizon Health, Inc., a Texas corporation (the "Merging Entity") pursuant to Section 3.006 and Chapter 10 of the TBOC. The address of the principal place of business of the Merging Entity is 205 Powell Place, Suite 104, Brentwood, TN 37027. The date of formation of the Merging Entity is April 28, 2022.

Supplement to Article 3:

CHS TX, Inc. shall have four directors upon formation, the three directors listed in Article 3 above plus the following individual as the fourth director:

Gregg Ladele
205 Powell Place, Suite 104
Brentwood, TN 37027

## Organizer

The name and address of the organizer:

Sara Tirschwell
_____
*Name*

| 205 Powell Place, Suite 104 | Brentwood | TN | 37027 |
|---|---|---|---|
| *Street or Mailing Address* | *City* | *State* | *Zip Code* |

## Effectiveness of Filing (Select either A, B, or C.)

A. ☐ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. ☒ This document takes effect upon the occurrence of a future event or fact, other than the passage of time. The 90th day after the date of signing is: July 31, 2022

The following event or fact will cause the document to take effect in the manner described below:

This Certificate of Formation shall take effect immediately following the effective time of the Form 622 Certificate of Merger filed with the Texas Secretary of State, which effectuates a merger among Corizon Health, Inc., Valitás Health Services, Inc., Corizon Health of New Jersey, LLC and Corizon, LLC.

## Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned also affirms that, to the best knowledge of the undersigned, the name provided as the name of the filing entity does not falsely imply an affiliation with a governmental entity. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized to execute the filing instrument.

Date: May 2, 2022 _____

_____
Signature of organizer

Form 201                                          3

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                          YESCARE-CHS-00000032